Jacqueline Manzano
1951 Corvette Street
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

UNITED STATES DISTRICT COURT

CLARK COUNTY, NEVADA

JACQUELINE MANZANO,

              Plaintiff,

-vs-

NATIONAL DEFAULT SERVICING CORPORATION, BANK OF AMERICA, NA fka COUNTRYWIDE HOME LOANS SERVICING LP and NATIONSTAR MORTGAGE, LLC dba NSM RECOVERY SERVICES, INC.,

              Defendants.

CASE NO. 2:15-cv-00074-GMN-PAL

PLAINTIFF' MEMORANDUM OF POINTS AND AUTHORITIES AND OPPOSITION TO DEFENDANT BANK OF AMERICA, NA" MOTION TO DISMISS PLAINTIFFS COMPLAINT WITH PREJUDICE

**PLAINTIFF' MEMORANDUM OF POINTS AND AUTHORITIES AND OPPOSITION TO DEFENDANT BANK OF AMERICA, N A' MOTION TO DISMISS**

    COMES NOW, Plaintiff, Jacqueline Manzano, and files her opposition to Defendant, Bank of America, N. A.'s (hereinafter "BOA") Motion to Dismiss the Complaint with prejudice, under the Federal Rules of Civil Procedure 12 (b)(6), and responds as follows;

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I. INTRODUCTION**

1. Plaintiff filed her Original Verified Complaint and a Notice of Dispute pursuant to 15 USC 1692g(b), on January 14, 2015. The Plaintiff' Complaint meets the standards governing the form of a complaint under FRCP 8(a) and the Complaint sufficiently alleges violation of federal and state law and damages. Accordingly, defendant' motion should be denied.

1

2. Defendants, BOA and NSM filed an emergency Motion for Extension of time to file its responsive pleading. Which the court granted, and Plaintiff did not oppose because Plaintiff agreed to it. However, to stay within the due date of March 14, 2015 to file her response, Plaintiff hereby files her response and opposition.
3. Defendant BOA then filed a Motion to Dismiss, (hereinafter "Motion") under the Federal Rules of Civil Procedure 12 (b)(6) despite Plaintiff' pending chapter 13 Bankruptcy, notice of suggestion from BOA defense counsel **(Dkt # 13)**, and without having filed a Certificate of Interested Parties for BOA. And also ignoring Plaintiff' Notice of Dispute attached to the Complaint, which is a material fact in dispute in this case.
4. Plaintiff was unable to complete the required schedules for the chapter 13 Bankruptcy on her own, resulting in dismissal of the BK.
5. **Plaintiff is in contact with BOA' defense counsel**, and she has prepared and sent to defense counsel a proposed Stipulation and Motion to Dismiss Defendant BOA with Prejudice from this case, and is awaiting an answer from Allison Schmidt, Attorney for Defendant BOA.

## II.   ARGUMENT AND LEGAL STANDARD ;

6. Defendant has filed its Motion to dismiss Plaintiff' Complaint with prejudice. And asserts that Plaintiff's allegations are insufficient to state a Claim against BANA upon which relief may be granted. However Defendant does not specifically state what these or any other supposedly missing ingredients are, in fact, required in the Plaintiff's Complaint. Instead, BOA ignores the well plead specific allegations and exhibits supporting Plaintiff' claims against it, and attempts to misstate her allegations in an effort to dismiss her Complaint with prejudice.
7. Defendants' Motion fails, because the Complaint sets forth sufficient allegations, both legal and factual, to establish a statement of the claims for which relief can be granted. Plaintiff has sufficiently plead both plausible and factual allegations, as well as legal claims for Slander of Title and the Fair Debt Collection Practices Act.
8. This is not the phase in litigation to resolve the contest between the facts or the merits of the case. In reviewing the sufficiency of the claims asserted, the issue is not whether Plaintiff will prevail, but whether the Plaintiff is entitled to offer evidence to support claims asserted. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).
9. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).
10. Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligable,'" not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted) The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of

2

unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

### III. PLAINTIFF' CLAIMS ARE SUFFICIENTLY ALLEGED

11. Here, Plaintiff' Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim Showing that the pleader is entitled to relief." The Complaint clearly has more than sufficient statements of the claims, Exhibits in support, and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the wrongful actions of each of the Defendants and how those actions violated federal and state law. Finally, the Complaint clearly puts Defendant BOA on fair notice of the claims against it.

### IV. STATEMENT OF FACTS

12. This action involves an alleged "defaulted debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was primarily for personal, family, and/or household purposes §1692a(5), and is a consumer debt for the purpose of this action.
13. BOA is a named Defendant in this case due to former communications Plaintiff received from BOA, where the letters from BOA state the communications are from a debt collector attempting to collect a debt. And Plaintiff had not been able to locate the letters in her files at the time she filed her Complaint, until recently.
14. Although the above mentioned communications are outside the statute of limitations of the FDCPA, vicarious liability exists, for NSM' violations of the FDCPA, for the following reason;
    The Corrective Corporate Assignment of Deed of Trust purporting to be assigned from BOA to NSM recorded on 7/29/2014 contains the statement that NSM is BOA' attorney in fact. On page 2 of the assignment it states; NSM, **"Its Attorney In Fact", and that is why BOA is a named Defendant in this case, because vicarious liability does exist and is within the ambit of the FDCPA, regarding NSM' violations of the FDCPA, and** is within the one year statute of limitations as defined in the FDCPA 15 U.S.C. §1692k(d). (Emphasis added) **(Exhibit A)**
15. The Corrective assignment also contains false statements, one of which reflects a debt obligation that is non-existent. And falls within the ambit of Plaintiff's Slander of Title claim because, false statements on a recorded document is derogatory to Plaintiff' title and a communication to a third party.
16. Plaintiff never received a notice from BOA of its transfer/assignment of Deed of trust to NSM . Plaintiff is not in possession of nor is there any verified evidence that has been entered into the court record showing any notice to Plaintiff from BOA of its transfer/assignment of Deed of trust to NSM that was sent to Plaintiff.

3

17. Plaintiff is not in possession of nor is there any verified evidence that has been entered into the court record showing a Power of Attorney from BOA to NSM, It's Attorney In Fact.
18. In Defendant' motion BOA denies violating the FDCPA. The FDCPA is a strict liability statute and intent does not have to be proven to trigger a violation of the FCDPA. Plaintiff is not in possession of nor is there any verified evidence that has been entered into the court record showing the defendant did not violate any of the sections USC § 1692 et seq. of the FDCPA. Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA. *McCartney v. First City Bank*, 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp. supra, at 777*. The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. See *Keele v. Wexler; 149 F3d 589 (7th Cir. 1998)*. The FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability. See 15 U.S.C. § 1692k(a); *see also Spencer v. Henderson-Webb, Inc., 81 F. Supp. 2d 582, 590-91 (D. Md. 1999)*.
19. Defendant' motion fails to successfully argue that BOA did not violate the FDCPA and that BOA had a legitimate authority to directly or indirectly collect a discharged non-existent debt from Plaintiff through NSM, Its Attorney In Fact, which BOA was aware of on 7/18/2014 when the Corrective Assignment of Deed of Trust was executed.
20. Defendants relies on its own assertions in its motion and the Computer generated copy of Countrywide' address in Ohio, which is attached to its motion Exhibit A. Defendant motion simply refers to facts not in evidence to support its 12 (b)(6) motion.
21. There is not one document in the court record submitted by defendant BOA as verified evidence to show the present existence of a defaulted debt obligation, that would give rise to NSM, its Attorney In Fact, to declare a default and collect a debt from Plaintiff by foreclosing on her property.
22. Plaintiff is not in possession of nor is there any verified evidence that has been entered into the court record showing the defendant did not violate any of the sections under 15 USC §1692 et seq. of the FDCPA.
23. Defendant motion refers to NRS chapter 65 and totally misconstrues Plaintiff' allegation in COUNT I of the complaint regarding debt collection. Plaintiff alleged the following; N.R.S. 649 *et seq.*, prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.
    A violation of any provision of the <u>Federal Fair Debt Collection Practices Act</u>, 15 U.S.C. §§ 1682 et seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter. (Added to NRS by 2007, 2500).
24. Defendant' Motion refers to a NOTE Exhibit A, attached to its motion, but there is no NOTE attached to Defendants Exhibit A. There is no evidence that has been entered into the court record to show a NOTE attached to EXHIBIT A of Defendant' motion.
25. What is attached to **"Defendant' Exhibit A"** in its motion, is merely a computer generated copy of nothing more than a brief description that Countrywide Bank FSB has an address of 6465 Greenwood Plaza #200, in Centennial, Ohio. (dkt # 14)
26. Defendant also refers to an EXHIBIT B attached to its motion. However, Plaintiff is not in possession of nor is there evidence that has been entered into the court record to show an EXHIBIT B. Although Plaintiff requested EXHIBIT B from defense counsel, but to date, she has yet to receive it.
27. In Defendant' motion BOA denies being a debt collector, it firmly claims to be a creditor, but that is contradicting because, BOA attempted to collect the alleged non-

4

existent debt in its 12/19/2011 communication to Plaintiff, and clearly admitted it is a debt collector.

28. BOA is a debt collector as defined in §1692 a(6) of the FDCPA. According to the 6th Circuit, If servicer treats debt as default it is a debt collector. Decision based on 12 (b)(6) MTD. See *Glazer v Chase Home Finance LLC, 704 F3d 453, 455 (6th Cir 2013)*. We hold that mortgage foreclosure is debt collection under the Act.

29. Defendant BOA is a debt collector by its own admittance. Plaintiff received two separate communications from BOA, one dated 2/28/2011, and the second dated on 12/19/2011. Both letters state in part; *"this communication is from a debt collector."* (EXHIBIT B)

30. Defendant' motion asserts that Plaintiff' claim for Invasion of Privacy fails. Plaintiff erroneously named BOA in that allegation, it was meant solely for NSM due to NSM' obtaining her credit report without her consent and without a permissible purpose.

31. Defendant' motion erroneously asserts that BOA cannot record a Notice of Default. Plaintiff specifically alleged that NDSC recorded a Notice of Default.

32. Defendant does not argue that BOA did not Slander the Plaintiff' title, but instead quotes the elements that must be proven in order to state a proper Slander of title claim.

33. The initial assignment from BOA to NSM , did in fact incorrectly name MERS as Nominee for Countrywide Bank, FSB, because MERS was not a party to Plaintiff's original Deed of Trust recorded 10/25/2007, as stated in the Complaint.

34. Defendant' motion erroneously misconstrues and asserts that; *"To the extent this claim is based on Plaintiff's conclusion that her bankruptcy discharge extinguished the deed of trust, etc."* Defendant's assertion is incorrect because, Plaintiff did not allege that a BK discharge extinguishes a lien on real property. In fact, it is Plaintiff' understanding that the only thing that is discharged in a BK 7 is a debt obligation.

35. The entire section of Defendant' motion regarding the BK 7 discharge, extinguished and/or voided the Deed of trust and BOA assertions concerning a lien, does not pertain or relate to what was alleged in Plaintiff' complaint.

36. Defendant' motion refers to Plaintiff' allegation regarding NRS 107.028(4), however, Plaintiff has finally located the recorded Substitution of Trustee naming NDSC as Trustee.

37. Defendant' motion erroneously misconstrues Plaintiff' allegation in the Complaint. Plaintiff is not attempting to privately prosecute any of the defendants for violations of NRS 205.395, she merely meant to point out that Defendants failed to abide by the statute. Plaintiff does not have a private right to bring such an action under NRS 205.395.

38. The assertions in Defendant, BOA' motion are nothing more than accusations that Plaintiff did not make definite statements in her Complaint.

39. Finally, it appears that Defendant, BOA' Motion should correctly be titled a "Motion for a More Definite Statement" FRCP 12(e). Plaintiff would be more than willing to amend her Complaint so that she may add a More Definite Statement.

## CONCLUSION

In short, the Plaintiff's Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendant NDSC fair notice of the claims against it and the grounds thereof. Discovery will add further detail later; in fact, additional supporting factual material was provided by Plaintiff in Exhibits filed with her emergency application for a Temporary Restraining Order and Motion for Preliminary Injunction . Additionally, Plaintiff has sufficiently alleged federal and state law violations and damages

Should the Court find that Plaintiff's complaint is deficient and needs more thorough definite statements, Plaintiff hereby respectfully requests this court grant her opportunity to amend her original Complaint to cure any deficiency, add additional causes of action or rename any causes of action, and to state the full content of a statute to define the status of a party' and/or its actions regarding violation of federal and state law.

Accordingly, for the reasons set forth herein, the Plaintiff respectfully requests that the Court deny Defendants' joint Motion to Dismiss the Complaint with Prejudice.

Respectfully submitted this 16TH day of March, 2015

By, *[signature]*

Jacqueline Manzano
1951 Corvette St.
Las Vegas, NV 89142
702-788-0599
*Plaintiff in proper person*

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document, Plaintiff's opposition to Defendant, Bank of America, N A' Motion To Dismiss, was sent to the following party listed below, by USPS certified mail **(7010 2780 0003 7087 9915).**

TO:
Allison Schmitd, Esq.
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
*Attorney for Defendant*

Dated this 16TH day of March, 2015

By: _____
Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
Phone 702-788-0599
*Plaintiff in proper person*

7

# EXHIBIT A

Inst #: 20140729-0000696
Fees: $18.00
N/C Fee: $0.00
07/29/2014 09:46:21 AM
Receipt #: 2102933
Requestor:
PREMIER AMERICAN TITLE
Recorded By: VELAJL  Pgs: 2
DEBBIE CONWAY
CLARK COUNTY RECORDER

Assessor's/Tax ID No. 161-04-316-004

Recording Requested By:
Nationstar Mortgage

When Recorded Return To:
DOCUMENT ADMINISTRATION
Nationstar Mortgage
2617 COLLEGE PARK
SCOTTSBLUFF, NE 69361
67301326

**CORRECTIVE**
**CORPORATE ASSIGNMENT OF DEED OF TRUST**

Clark, Nevada
SELLER'S SERVICING #:0607760535 "MANZANO"

THE UNDERSIGNED DOES HEREBY AFFIRM THAT THIS DOCUMENT SUBMITTED FOR RECORDING DOES NOT CONTAIN PERSONAL INFORMATION ABOUT ANY PERSON.

Date of Assignment: July 17th, 2014
Assignor: BANK OF AMERICA N.A. SBM TO BAC HOME LOANS SERVICING LP BY NATIONSTAR MORTGAGE LLC ITS ATTORNEY-IN-FACT at 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067
Assignee: NATIONSTAR MORTGAGE LLC at 350 HIGHLAND DRIVE, LEWISVILLE, TX 75067

Executed By: JACQUELINE MANZANO, AN UNMARRIED WOMAN  To: COUNTRYWIDE BANK, FSB.
Date of Deed of Trust: 10/25/2007 Recorded: 11/14/2007 in Book: 20071114 as Instrument No.: 0003788 In the County of Clark, State of Nevada.

Assessor's/Tax ID No. 161-04-316-004

Property Address: 1951 CORVETTE ST, LAS VEGAS, NV 89142

Legal: NA

**CORRECTIVE: THIS ASSIGNMENT IS BEING RECORDED TO CORRECT THE ASSIGNOR NAME OF THE ASSIGNMENT RECORDED ON 06/12/2013 AS INSTRUMENT NO. 201306120000395.**

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto the above-named Assignee, the said Deed of Trust having an original principal sum of
*RC1*RC1NATN*07/17/2014 06:48:03 AM* NATT01NATNA0000000000000000569259*
NVCLARK* 0607760535 NVCLARK_TRUST_ASSIGN_ASSN * *MMNATN*

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

$216,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

BANK OF AMERICA N.A. SBM TO BAC HOME LOANS SERVICING LP BY NATIONSTAR MORTGAGE LLC ITS ATTORNEY-IN-FACT
On 7-18-2014

By: _____
Nilva Miller
Assistant Secretary

STATE OF Nebraska
COUNTY OF Scotts Bluff

On 7-18-14, before me, Paul A Curtis, a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared Nilva Miller, Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Paul A Curtis
Notary Expires: 7/24/2017

GENERAL NOTARY - State of Nebraska
PAUL A CURTIS
My Comm. Exp. July 24, 2017

(This area for notarial seal)

Mail Tax Statements To: JACQUELINE MANZANO, 1951 CORVETTE ST, LAS VEGAS, NV 89142

*RC1*RC1NATN*07/17/2014 06:48:03 AM* NATT01NATNA00000000000000000569259*
NVCLARK* 0607760535 NVCLARK_TRUST_ASSIGN_ASSN * *MMNATN*

# EXHIBIT B



**Bank of America**
**Home Loans**

400 National Way
Mailstop CA6-919-02-22
Simi Valley, CA 93065

December 19, 2011

Jacqueline Manzano
1951 Corvette Street
Las Vegas, NV 89142

Re:   Property Address: 1951 Corvette Street, Las Vegas, NV 89142
      Loan Number Ending in: 6885

Dear Ms. Manzano:

We are in receipt of your correspondence dated September 28, 2011, which was received on November 22, 2011, by Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP regarding the referenced loan.

The concerns addressed in your correspondence require further detailed analysis. We will respond to your request after we have completed our investigation.

If you have concerns or questions regarding the foreclosure, please contact BFS Customer Escalations and Research Unit (CERU) at (866) 200-9624. Thank you for this opportunity to be of service.

Sincerely,

*Marla Kochevar*

Marla Kochevar
Litigation Specialist
Qualified Written Request (QWR) Group

*Bank of America, N.A. is required by law to inform you that this communication is from a debt collector*

Doc ID: BANACOM3A

1 of 4

**Bank of America**
**Home Loans**

P. O. Box 941633
Simi Valley, CA 93094-1633

0073570   01 AV 0.337 **AUTO  9 0 4444 89142-170751  -C01-P73643-I

JACQUELINE MANZANO
1951 CORVETTE ST
LAS VEGAS     NV 89142-1707

Account No.: 181666885

## IMPORTANT MESSAGE ABOUT YOUR LOAN

Effective July 1, 2011, the servicing of home loans by our subsidiary—BAC Home Loans Servicing, LP, transfers to its parent company—Bank of America, N.A. Based upon our records as of July 4, 2011, the home loan account noted above is affected by this servicing transfer. The information contained in this communication does not change or affect any other communications you may have received or will receive regarding this servicing transfer.

## IMPORTANT ADDITIONAL INFORMATION

Under the federal Fair Debt Collections Practices Act and certain state laws, Bank of America, N.A. is considered a debt collector. As a result, we are sending you the enclosed Fair Debt Collection Practices Act Notice containing important information about your loan and your rights under applicable federal and state law.

If an attorney represents you in connection with your Bank of America home loan, please provide your attorney a copy of this letter and the enclosed legal notice.

## THANK YOU

We appreciate the opportunity to serve your home loan needs. If you have any questions or need assistance regarding this servicing transfer, please call us at 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

Please Note: This letter is being sent to the address and borrower(s) listed above. If there are other borrowers on this account who receive mail at a different address than above, please share this information with them.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose. Notwithstanding the foregoing, if you are currently in a bankruptcy proceeding or have received a discharge of the debt referenced above, this notice is for informational purposes only and is not an attempt to collect a debt. If you are represented by an attorney, please provide this notice to your attorney.

Bank of America, N.A. Member FDIC. Bank of America, N.A. is an Equal Housing Lender.
©2011 Bank of America Corporation. Trademarks are the property of Bank of America Corporation. All rights reserved.

BANACOM3 13049 02/8/2011

4444-01-00-0073570-0001-0147631

## Fair Debt Collections Practices Act and State Law Notice

The servicing of your home loan was transferred to Bank of America, N.A., effective July 1, 2011. Bank of America, N.A. is required by law to advise you of the following:

(1.) Under the federal Fair Debt Collections Practices Act and certain state laws, Bank of America, N.A. is considered a debt collector. Bank of America, N.A. must provide certain information to you in order to make sure you are informed when a communication is related to a debt. The purpose of this letter is therefore to provide you with information required by law, including the amount of the debt.

(2.) Debt Validation Notice:

a) The amount of the debt: As of July 4, 2011, you owe $261,914.67. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Therefore, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will inform you or your agent before accepting the payment for collection. For further information, write to the address provided below or call 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

b) The name of the creditor to whom the debt is owed: FNMA ACT/ACT
Please note that unless Bank of America, N.A. is listed in 2(b) as the creditor of your loan, Bank of America, N.A. does not own your loan and only services your loan on behalf of your creditor, subject to the requirements and guidelines of your creditor.

c) Unless you, within thirty (30) days after receipt of this letter, dispute the validity of the debt or any portion of the debt, Bank of America, N.A. will assume the debt to be valid.

d) If you notify Bank of America, N.A. in writing, at the address provided below within the thirty (30) day period, that the debt, or any portion thereof, is disputed, Bank of America, N.A. will obtain verification of the debt and mail it to you.

e) Upon your written request within the thirty (30) day period, Bank of America, N.A. will provide you with the name and address of the original creditor if it is different from the current creditor.

Bank of America, N.A.
Customer Service, CA6-919-01-41
Attention: DVN
P.O. Box 1140
Simi Valley, CA 93062-1140

If you have any questions regarding this notification, please call Bank of America, N.A. Customer Service at 1.877.488.7812 between 8 a.m. and 9 p.m. Eastern, Monday through Friday.

Bank of America, N.A. is required by law to inform you that this communication is from a debt collector attempting to collect a debt, and any information obtained will be used for that purpose. Notwithstanding the foregoing, if you are currently in a bankruptcy proceeding or have received a discharge of the home loan debt referenced above, this statement is being furnished for informational purposes only. It should not be construed as an attempt to collect against you personally. Bank of America, N.A. will take no steps to collect from you personally or against the property securing this loan while the bankruptcy's automatic stay remains in effect. In the future, you may receive a discharge in bankruptcy. Under those circumstances, by operation of law, Bank of America, N.A. will retain the ability to enforce its rights against the property securing this loan should there be a default under the terms of your loan documents. If you are represented by an attorney, please provide this notice to your attorney.

SEE REVERSE SIDE

Bank of America, N.A. Member FDIC. Bank of America, N.A. is an Equal Housing Lender.
©2011 Bank of America Corporation. Trademarks are the property of Bank of America Corporation. All rights reserved.

4444-01-00-0073670-0002-0147630

Notice to Colorado Residents: A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.AGO.STATE.CO.US/CADC/CADMAIN.CFM

Notice to California Residents: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.



4444-01-00-0073570-0002-0147630