Jacqueline Manzano
1951 Corvette Street
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

# UNITED STATES DISTRICT COURT
## CLARK COUNTY, NEVADA

JACQUELINE MANZANO

         Plaintiff,

-vs-

NATIONAL DEFAULT SERVICING CORPORATION, BANK OF AMERICA, NA fka COUNTRYWIDE HOME LOANS SERVICING LP and NATIONSTAR MORTGAGE, LLC dba NSM RECOVERY SERVICES, INC.,

         Defendant(s).

CASE NO. **2:15-cv-00074-GMN-PAL**

PLAINTIFF' MEMORANDUM OF POINTS AND AUTHORITIES AND OPPOSITION TO DEFENDANT, NATIONAL DEFAULT SERVICING CORPORATION,' JOINT MOTION TO DISMISS PLAINTIFFS COMPLAINT WITH PREJUDICE

**PLAINTIFF' MEMORANDUM OF POINTS AND AUTHORITIES AND OPPOSITION TO DEFENDANT BANK OF AMERICA, N A' MOTION TO DISMISS**

COMES NOW, Plaintiff, Jacqueline Manzano, and files her opposition to Defendant, National Default Servicing Corporation's (hereinafter "NDSC") Joint Motion to Dismiss the Complaint with Prejudice, (hereinafter "joint Motion"), under the Federal Rules of Civil Procedure 12 (b)(6), and responds as follows;

### MEMORANDUM OF POINTS AND AUTHORITIES

**I. INTRODUCTION**

1. Plaintiff filed her Original Verified Complaint and a Notice of Dispute pursuant to 15 USC 1692g(b), on January 14, 2015. The Plaintiff' Complaint meets the standards governing the form of a complaint under FRCP 8(a) and the Complaint sufficiently

alleges violation of federal and state law and damages. Accordingly, Defendant' joint motion should be denied.

2. Defendant NDSC filed its answer, (responsive pleading) to the Complaint on 2/9/2015, and subsequently joined its co-defendant Bank of America' motion to dismiss Plaintiff's Complaint with prejudice on 2/26/2015, despite Plaintiff' pending chapter 13 Bankruptcy, notice of suggestion from BOA defense counsel **(Dkt # 13)**.

3. Plaintiff was unable to complete the required schedules for the chapter 13 Bankruptcy on her own, resulting in dismissal of the BK. And Plaintiff hereby files her opposition to the joint motion.

## II. ARGUMENT AND LEGAL STANDARD;

4. Defendant, NDSC has joined BOA' Motion to dismiss Plaintiff' Complaint with prejudice, and BANA' assertions that Plaintiff's allegations are insufficient to state a Claim against BANA upon which relief may be granted. Defendant, NDSC ignores the well plead specific allegations and exhibits supporting Plaintiff' claims against it, and attempts to misstate her allegations in an effort to dismiss her Complaint with prejudice.

5. Defendants' joint Motion fails, because the Complaint sets forth sufficient allegations, both legal and factual, to establish a statement of the claims for which relief can be granted. Plaintiff has sufficiently plead both plausible and factual allegations, as well as legal claims against NDSC for Slander of Title and the Fair Debt Collection Practices Act, (FDCPA).
This is not the phase in litigation to resolve the contest between the facts or the merits of the case. In reviewing the sufficiency of the claims asserted, the issue is not whether Plaintiff will prevail, but whether the Plaintiff is entitled to offer evidence to support claims asserted. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974).

6. Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *accord Atchison, Topeka & Santa Fe Ry. v. Buell*, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Epos Tech.*, 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007)).

7. Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' joint Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligable,'" not where a complaint suffers for 'lack of detail.'" *Epos Tech.*, 636 F. Supp. 2d at 63 (citations omitted) The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims. *See Swierkiewicz*, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the joint motion should be denied. *See, e.g., Towers Tenant Ass'n v. Towers Ltd. P'ship*, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as

"dates, times, names and places" are "the central object of discovery, and need not be pleaded").

### III. PLAINTIFF' CLAIMS AGAINST DEFENDANT, NDSC ARE SUFFICIENTLY ALLEGED

8. Here, Plaintiff' Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim Showing that the pleader is entitled to relief." The Complaint clearly has more than sufficient statements of the claims, Exhibits in support, and more than meets the requirement that it be "short and plain." For example, the Complaint specifically identifies the wrongful actions of Defendant, NDSC and how those actions violated federal and state law. Finally, the Complaint clearly puts Defendant NDSC on fair notice of the claims against it.

9. It describes in more than necessary detail the facts that defendant has violated both federal and state law. Plaintiff added exhibits of communications that the Defendant sent to Plaintiff and recorded in the Official Clark County records, Notices of Default and Election to sell under the Deed of Trust, Notice of Trustee sale, and properly alleged NDSC is a Debt Collector as defined in the FDCPA, and Exhibits attached to the Complaint of Defendant' business envelope and how it admitted in its communications that it is a debt collector, and how the recorded documents have slandered the Plaintiff's property title, and how the false statements have disparaged the plaintiff' title, caused her special damages, and Defendants were done maliciously with reckless disregard as to the truth or accuracy of its false statement, and how defendant has continued to cause Plaintiff damages and expenses as this case moves forward, how Defendant has continuously continued its collection activity in spite of being put on notice under the authority of the FDCPA. (Complaint dkt #1) And that Plaintiff is in danger of losing her home to foreclosure if Defendant continues its collection activity.

10. Finally, the Complaint clearly puts Defendant on fair notice of the claims against it. Specifically, the Complaint alleges that Defendant violated Section §1692 f(8) of the FDCPA, in that NDSC' business envelope reads; ***NATIONAL DEFAULT SERVICING CORPORATION.*** Plaintiff references the word ***DEFAULT***, because, any language or symbol on the envelope that indicates the communication concerns debt collection is a violation of the FDCPA

11. Defendant NDSC moves to dismiss the Complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) provides that a party may assert a defense by motion for "failure to state a claim upon which relief can be granted."

12. Defendant, NDSC joins BOA' motion which lists of hodgepodge of grounds for dismissal throughout its Motion, arguments to which are solely related to BOA specifically. Which are mere minor deficiencies in the Complaint. And of which do not apply to NDSC.
    a) The NDSC notices stated in part; ***"This is an attempt to collect a debt and any information obtained will be used for that purpose."***
    b) NDSC failed to cease collection activity after being put on notice, and having not verified or validated the debt, which is a violation of the FDCPA 15 USC §1692g(b),

   c) Plaintiff alleged that NDSC's conduct violated 15 U.S.C. **§1692e** and **§1692e (5)** in that Defendant engaged in false, deceptive or misleading behavior in connection with the collection of a debt by threatening to take a legal action against Plaintiff.

   d) That NDSC has violated 15 U.S.C. **§1692e(2)** by falsely representing the character, amount and legal status of the debt they are attempting to collect, by stating that Plaintiff is in Default and owes a debt, When in fact, Plaintiff is not in default, nor does she owe a debt to Defendant.

   e) That Defendant's conduct violated 15 U.S.C. **§1692e (9)** by Representing documents as authorized, issued or approved by the State of Nevada, in that Defendants sent Plaintiff a Notice of Default and Election to Sell her home and recorded the same. Plaintiff further contends she is absolutely not in default and does not owe a debt to NSM or NDSC.

   f) That NSM and NDSC has violated 15 U.S.C. **§1692f** and **§1692f(6)** in that they used unconscionable means to collect a non-existent debt, by declaring a Default against Plaintiff, when in fact, Plaintiff is not in default, nor does she owe a debt to either Defendant.

13. Finally, the allegations of the fair credit Reporting Act, and Invasion of Privacy is directed solely to NSM, and NDSC may have erroneously been added by mistake.

## IV. STATEMENT OF FACTS

1. This action involves an alleged "defaulted debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the transaction was primarily for personal, family, and/or household purposes §1692a(5), and is a consumer debt for the purpose of this action.

2. The fact is, the defendant is attempting to collect a non-existent debt from Plaintiff, and has proceeded to foreclose on her *in personam*, and take her home through a Trustee sale. The result of which this action was filed against it.

3. NDSC is a named Defendant in this case due to the communications Plaintiff received from NDSC, where the letters from NDSC state the communications are from a debt collector attempting to collect a debt. (see Exhibits, Complaint, Dkt #1)

4. NDSC caused a Notice of Default and Election to Sell under the Deed of trust, (NOD), which reflects an outstanding obligation due, where no such debt obligation exists. And NDSC has pursued the alleged debt by way of foreclosure against her *in personam*. The NOD cleary states in part; ***"This is an attempt to collect a debt and any information obtained will be used for that purpose."*** Therefore, it appears that NDSC failed to adhere to NRS 107.210 sec. 4.

      Pursuant to, **NRS 107.210 sec. 4.** If the debt is in default, the amount in default, the principal amount of the obligation or debt secured by the deed of trust, the interest accrued and unpaid on the obligation or debt secured by the deed of trust, all fees imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale. Further, the words **"If the debt is in default"** in NRS 107.210 sec. 4. Is key in this case because, no debt or default exists regarding Plaintiff. (emphasis

added) **(Exhibit A)**

5. NDSC caused a NOD to be recorded, which is a communication to a third party, and because it contains false statement it has disparaged the Plaintiff' Title causing her special damages, and was done with malicious intent, and NDSC acted in reckless disregard of the truth or accuracy of the false statements, because NDSC was aware the debt was non-existent, because Plaintiff properly noticed NDSC.

6. Defendant, NDSC has joined BOA' motion in which it denies violating the FDCPA. The FDCPA is a strict liability statute and intent does not have to be proven to trigger a violation of the FCDPA. Plaintiff is not in possession of nor is there any verified evidence that has been entered into the court record showing the defendant did not violate any of the sections USC § 1692 et seq. of the FDCPA. Furthermore, the question of whether the consumer owes the alleged debt has no bearing on a suit brought pursuant to the FDCPA. *McCartney v. First City Bank,* 970 F.2d 45 (5th Cir. 1992); *Baker v. G.C. Services Corp. supra, at 777.* The focus of the FDCPA is on the conduct of the debt collector, not on the conduct of the consumer. *See Keele v. Wexler; 149 F3d 589 (7th Cir. 1998) .* The FDCPA is a strict liability statute and a consumer has only to prove one violation in order to trigger liability. *See* 15 U.S.C. § 1692k(a); *see also Spencer v. Henderson-Webb, Inc.,* 81 F. Supp. 2d 582, 590-91 (D. Md. 1999).

7. Defendant, NDSC has joined BOA' motion which fails to successfully argue that it did not violate the FDCPA. However, Plaintiff' Complaint clearly outlines NDSC' violations of the FDCPA, and the Exhibits which clearly evidence NDSC is a debt collector and in violation of the FDCPA.

8. Defendant, NDSC has joined BOA' motion which refers to NRS chapter 65 and totally misconstrues Plaintiff' allegations in COUNT I of the complaint regarding debt collection. Plaintiff alleged the following; N.R.S. 649 *et seq.,* prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.
A violation of any provision of the <u>Federal Fair Debt Collection Practices Act</u>, 15 U.S.C. §§ 1682 et seq., or any regulation adopted pursuant thereto, shall be deemed to be a violation of this chapter. (Added to NRS by 2007, 2500).

9. Defendant, NDSC has joined BOA' motion, however, BOA' Motion refers to a NOTE, Exhibit A, attached to its motion, but there is no NOTE attached to BOA' Exhibit A. And that portion of the motion has absolutely nothing to do with Defendant, NDSC, nor was it alleged against NDSC in the complaint. In fact, this case is not about "Show me the NOTE" or "Who has the NOTE" theory.

10. NDSC is a debt collector as defined in §1692 a(6) of the FDCPA, by its own admittance, and that is clearly outlined in the Complaint regarding NDSC.

11. Defendant, NDSC has joined BOA' motion which asserts that Plaintiff' claim for Invasion of Privacy fails. Plaintiff erroneously named BOA and NDSC in that allegation, it was meant solely for Defendant, NSM due to NSM' obtaining her consumer credit report without her consent and without a permissible purpose.

12. Defendant, NDSC has joined BOA' motion which does not argue that NDSC did not Slander the Plaintiff' title, but instead quotes the elements that must be proven in order to state a proper Slander of title claim.

13. Defendant, NDSC has joined BOA' motion and the entire section of BOA' motion regarding the BK 7 discharge, has extinguished and/or voided the Deed of trust and BOA assertions concerning a lien, does not pertain or relate to what was alleged in Plaintiff' complaint.
14. Defendant, NDSC has joined BOA' motion which refers to Plaintiff' allegation regarding NRS 107.028(4), however, Plaintiff has finally located the recorded Substitution of Trustee naming NDSC as Trustee. **(EXHIBIT B)**
15. Defendant, NDSC has joined BOA' motion which erroneously misconstrues Plaintiff' allegation in the Complaint. Plaintiff is not attempting to privately prosecute any of the defendants for violations of NRS 205.395, she merely points out that Defendants failed to abide by the statute. Plaintiff does not have a private right to bring such an action under NRS 205.395.
16. The assertions in Defendant, NDSC' joint motion are nothing more than accusations that Plaintiff did not make definite statements in her Complaint.
17. Finally, it appears that Defendant NDSC' joint Motion should correctly be titled a "Motion for a More Definite Statement" under FRCP 12(e).

## V. JUDICIAL NOTICE IS PROCEDURALLY CORRECT AS TO THE EXISTENCE OF DOCUMENTS, BUT NOT AS TO THEIR CONTENTS

18. Plaintiff specifically disputes the contents of the document contained in Defendants' Request for Judicial Notice. Even though the Court may "take judicial notice of matters of public record outside the pleadings and consider them for purpose of the motion to dismiss, "the Court may *only* take judicial notice of their existence, not as to their contents.
19. In the motion, Defendant BOA reference two exhibits, **EXHIBIT A** refers to a First Deed of Trust for the benefit of Countrywide Bank, FSB, but is not attached to the exhibit nor is it on the court record, and **EXHIBIT B** refers to BANA as servicer before the transfer to Nationstar Mortgage, but is not attached to the exhibit B nor is it on the court record. In fact, twhat is attached to Exhibit A is a computer generated copy of Countrywide' address in Ohio. And BOA/BANA Requests the Court take Judicial Notice ("RJN"), of Exhibits A and B, which Defendant' purport is filed concurrently with their Motion to Dismiss, to support factual contentions which they seek to inject into the pleadings. For instance, Defendants rely on Exhibit "B"to support their position that Defendant BANA was a servicer and Plaintiff does not dispute that. Plaintiff does not dispute Countrywide is named as the lender on the original Deed of Trust, In fact Plaintiff clearly states in her Complaint that Countrywide Bank FSB is the original lender.
    Plaintiff not only specifically disputes this proposition and the "missing Exhibits" but also this is the precise type of hearsay that cannot be considered in the context of Defendants' Motion. *Poseidon Development,* 152 Cal. App. 4th, at 1117.
    Pursuant to Rule 12, the Court is required to convert Defendants' 12(b)(6) Motion into one for Summary Judgment, which requires providing Plaintiff the opportunity to conduct discovery and present evidence.

### VI. The Plaintiff has alleged actual violations of federal and state law and damages.

20. As stated above, Plaintiff Complaint alleges that NDSC violated section of the FDCPA §1692 *et seq.* in her factual allegations and **COUNT I** of the Complaint. Plaintiff' Complaint alleges and meets the 5 elements of a Slander of title claim against NDSC.

### VII. CONCLUSION

In short, the Plaintiff's Complaint fully complies with the pleading requirements of Federal Rule of Civil Procedure 8(a) and provides Defendant NDSC fair notice of the claims against it and the grounds thereof. Discovery will add further detail later; in fact, additional supporting factual material was provided by Plaintiff in Exhibits filed with her emergency application for a Temporary Restraining Order and Motion for Preliminary Injunction . Additionally, Plaintiff has sufficiently alleged federal and state law violations and damages.

Should the Court find that Plaintiff's complaint is deficient and needs more thorough definite statements, Plaintiff hereby respectfully requests this court grant her opportunity to amend her original Complaint to cure any deficiency, add additional causes of action or rename any causes of action, and to state the full content of a statute to define the status of a party' and/or its actions regarding violation of federal and state law.

Accordingly, for the reasons set forth herein, the Plaintiff respectfully requests that the Court deny Defendants' joint Motion to Dismiss the Complaint with Prejudice.

Respectfully submitted this 16TH day of March, 2015

By, _____

Jacqueline Manzano
1951 Corvette St.
Las Vegas, NV 89142
702-788-0599
*Plaintiff in proper person*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document, Plaintiff's opposition to Defendant, Bank of America, N A' Motion To Dismiss, was sent to the following party listed below, by USPS certified mail **(7010 2780 0003 7087 9922)**.

TO:
 Kevin Soderstrom, Esq.
Tiffany & Bosco, P. A.
 212 South Jones Blvd.,
Las Vegas, NV 89107
*Attorney for Defendant*

Dated this 16TH day of March, 2015

By: _____
Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
Phone 702-788-0599
*Plaintiff in proper person*

# EXHIBIT A

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:
National Default Servicing Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020

14-03722

NDSC File No. : 13-00663-NS-NV
Title Order No. : 61301326

APN: 161-04-316-004

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five (5) business days prior to the date set for the sale of your property pursuant to NRS 107.080. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

NOTICE IS HEREBY GIVEN THAT : NATIONAL DEFAULT SERVICING CORPORATION is either the original Trustee or the duly appointed substituted Trustee under a Deed of Trust dated 10/25/2007, executed by Jacqueline Manzano, an Unmarried Woman, as Trustor, to secure certain obligations in favor of Countrywide Bank, FSB as beneficiary recorded 11/14/2007 as Instrument No. 20071114-0003788 (or Book, Page) of the Official Records of Clark County, NV. Said obligations including ONE NOTE FOR THE ORIGINAL sum of $216,000.00.

That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of :

The installments of principal and interest which became due on 01/01/2009 and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee fee's, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off (and will increase until your account becomes current) as summarized in the accompanying Affidavit of Authority to Exercise the Power of Sale pursuant to NRS 107.080.

Notice of Default and Election to Sell Under Deed of Trust
NDSC File No.: 13-00663-NS-NV
Page 2

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your Note and Deed of Trust or Mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required by the Note and Deed of Trust or Mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by the transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

Nationstar Mortgage LLC
c/o National Default Servicing Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020  Phone 602/264-6101  Sales Website: www.ndscorp.com/sales/

Contact the following number to discuss Loan Modification Options: 8888115281 Ext 73062
michael.nguyen@NationstarMail.com

Attached hereto and incorporated herein by reference is the Affidavit of Authority to Exercise the Power of Sale pursuant to NRS 107.080.

You may wish to consult a credit-counseling agency to assist you. The Department of Housing and Urban Development (HUD) can provide you with the name and address of the local HUD approved counseling agency by calling their Approved Local Housing Counseling Agency toll free number: (800) 569-4287 or you can go to the HUD web site at: http://portal.hud.gov/portal/page/portal/HUD/localoffices.

The Property Address: 1951 Corvette St, Las Vegas NV 89142

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure. Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

Notice of Default and Election to Sell Under Deed of Trust
NDSC File No.: 13-00663-NS-NV
Page 3

That by reason thereof, the present beneficiary under such Deed of Trust has executed and delivered to duly appointed Trustee a written Declaration of Default and Demand for Sale, and has deposited with said duly appointed Trustee such Deed of Trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

Dated : _____9-15_____, 2014

National Default Servicing Corporation, As Trustee for Nationstar Mortgage LLC


By: Wendy VanLuven, Director of Default Services

State of: Arizona
County of: Maricopa

On _____9-15_____, 20__14__, before me, the undersigned, a Notary Public for said State, personally appeared Wendy VanLuven personally known to me be (or proved to me on the basis of satisfactory evidence) to be the person whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

JUDY QUICK
NOTARY PUBLIC – ARIZONA
MARICOPA COUNTY
My Commission Expires
April 20, 2017

Signature _____

**This is an attempt to collect a debt and any information obtained will be used for that purpose.**

# EXHIBIT B

```
Inst #: 20140801-0001074
Fees: $17.00
N/C Fee: $0.00
08/01/2014 10:24:07 AM
Receipt #: 2107724
Requestor:
PREMIER AMERICAN TITLE
Recorded By: LEX   Pgs: 1
DEBBIE CONWAY
CLARK COUNTY RECORDER
```

**RECORDING REQUESTED BY:**
National Default Servicing Corporation

**WHEN RECORDED MAIL TO:**
National Default Servicing Corporation
7720 N. 16th Street, Suite 300
Phoenix, AZ 85020

NDSC File No. : 13-00663-NS-NV
APN No.       : 161-04-316-004
              61301326

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## SUBSTITUTION OF TRUSTEE

WHEREAS, Jacqueline Manzano, An Unmarried Woman was the original Trustor(s), Recon Trust Company, N.A. was the original Trustee and Countrywide Bank, FSB was the original Beneficiary under that certain Deed of Trust dated 10/25/2007 and recorded on 11/14/2007 as Instrument No. 20071114-0003788 of the Official Records of Clark County, State of NV and

WHEREAS, the undersigned is the present beneficiary under the said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitutes National Default Servicing Corporation, An Arizona Corporation, whose address is 7720 N. 16th Street, Suite 300, Phoenix, Arizona 85020, as Trustee under said Deed of Trust. Said Substitute Trustee is qualified to serve as Trustee under the laws of this state.

Whenever the context hereof requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

Dated: 7-28-14

Nationstar Mortgage LLC       7-28-14
By: Allison Gowan
Its: Assistant Secretary

STATE OF Texas
COUNTY OF Denton

On July 28, 20 14, before me, the undersigned, a Notary Public for said State, personally appeared Allison Gowan who personally known to me (or who proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature

ALLISON J. FRIES
Notary Public, State of Texas
My Commission Expires
May 31, 2015