**LCOM**
Jacqueline Manzano
1951 Corvette Street
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*



FILED ✓ ENTERED          RECEIVED SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 18 2015
5/19/15

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

JACQUELINE MANZANO,

               **Plaintiff(s),**

               -vs-

NATIONAL DEFAULT SERVICING

CORPORATION, BANK OF AMERICA,

NA fka COUNTRYWIDE HOME LOANS

SERVICING LP and NATIONSTAR

MORTGAGE, LLC dba NSM RECOVERY

SERVICES, INC.,

               **Defendant(s).**

**CASE NO. 2:15-CV-00074-GMN-PAL**

**PLAINTIFF' MOTION FOR LEAVE TO
FILE A FIRST AMENDED COMPLAINT
AND MEMORANDUM OF LAW IN
SUPPORT**

### PLAINTIFF'S EMERGENCY MOTION FOR LEAVE TO FILE A FIRST
### AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW, Plaintiff, Jacqueline Manzano, and respectfully moves this Honorable
Court for entry of an order pursuant to Fed. R. Civ. P. 15(a)(2) granting Plaintiff leave to file an
amended complaint and accepting the proposed First Amended Complaint attached herewith.

### II.  INTRODUCTION

1. Plaintiff is; Jacqueline Manzano.

2. Defendants are; Nationstar Mortgage, LLC (hereinafter NSM) and National Default
   Servicing Corporation (hereinafter NDSC), Bank of America, N.A. (hereinafter BANA).

3. The stimulus for this motion arises from Plaintiff' recent discovery of the statute under
   RESPA 12 USC Sec. 2605 (b)(1), applicable to the allegations against Bank of America,

1

N.A.in her original complaint, and the need to plead facts that cure the facial deficiencies of Plaintiff' original complaint (#1). There is a strong presumption favoring liberal amendment of pleadings created by the Federal Rules of Civil Procedure and embraced by the Ninth Circuit. *See, e.g.,* Fed. R. Civ. P. 15(a)(2). The new complaint maintains the FCRA 15 USC §1681*et seq.*, the FDCPA, 15 USC §1692 *et seq.* and the Slander of Title counts and allegations against the Defendants, The new complaint does add a violation of the Real Estate Settlement Procedures Act 12 USC Sec. 2605 (b)(1) (hereinafter RESPA), against Defendant BANA. Plaintiff voluntarily dismisses, 15 USC §1692 e(8), §1692 e(9) and §1692b(5) of the FDCPA, NRS 649. *et seq.* Invasion of Privacy claims and these allegations are not within the new complaint.

4.    Plaintiff filed a complaint **(#1),** Defendants, NSM and BANA filed an emergency motion for an extension of time **(#7)** RE (#1) Complaint, an extension was granted by the court **(#9)** and an order was issued that Defendants response was due 2/25/2015. Defendant, NDSC filed its answer **(#8),** Plaintiff filed a voluntary chapter 13 Bankruptcy on 02/19/2015 and each defense counsel was timely notified of the same, Defendants, BANA and NSM filed a Suggestion of Bankruptcy **(#13).** Defendants, BANA and NDSC filed a 12 b(6) motion to dismiss the Complaint **(#14 and 15),** irrespective of Plaintiff' Bankruptcy automatic stay. Plaintiff filed her opposition **(#19 and 20)** and also filed an emergency motion **(#17 and 18).** A status conference was held in this court regarding Plaintiff' bankruptcy on 03/31/2015 **(# 24)** and this court ordered a stay of the proceedings pending the Party's Joint Status Report **(# 25),** the Joint Status Report was filed on 04/27/2015 **(# 25),** this court issued an order lifting the temporary stay on May 5, 2015 **(# 26)** and ordered the Party's to begin discovery in this case.

5.    Defendant, NSM has not yet filed a response to the complaint, and therefore, has not joined this action. And due to the Plaintiff' BK 13 and the temporary stay in this case, Plaintiff was unable file anything into this court regarding this case, until the court issued its order (#26) lifting the temporary stay on May 5, 2015.

6.    Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave.  Plaintiff and Defendants defense counsel met and conferred via email, May 11, 2015, a request was made that the Defendants consent to its filing, thereafter Defendants were provided an advance copy of the proposed First Amended Complaint. A follow up email was sent to defense counsel regarding Defendants decision on this matter on May 18, 2015.

Defendant NDSC' counsel responded to Plaintiff follow up email and stated the following; "*NDSC will stipulate to allow the filing of your proposed amended complaint only on the condition that Bank of America is also willing to stipulate to allow the filing of your proposed first amended complaint. If Bank of America does not agree, then NDSC will not stipulate either.*" (emphasis added) Defense counsel for BANA was nonresponsive to the e-mails nor did defense counsel allow Plaintiff the professional courtesy of a reply indicating its intentions on this matter.

7.    As of the time of filing, on May 19, 2015, Defendants had not consented to the filing. Accordingly, Plaintiff seeks the Court's leave to amend, which should be granted for the reasons set forth below;

## II.  ARGUMENT

### A.  Fed. R. Civ. P. 15(a)(2) requires that leave to amend should be "freely" granted.

8.    Unless the opposing party can show prejudice, bad faith, or undue delay, a court should grant leave to file an amended pleading. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

9.    Fed. R. Civ. P. 15(a)(2) states that leave to amend pleading "shall be freely given when justice so requires." The Ninth Circuit construes this rule broadly, requiring leave to amend be granted with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)."This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

10.  In the Ninth Circuit, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the [party] has previously amended [its pleading]." *See Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). These five factors, however, do not carry equal weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Whereas delay alone is "insufficient to justify denial of leave to amend," *DCD Programs*, 833 F.2d at 186, the absence of unfair prejudice is a strong factor supporting amendment. *Id.* at 187; *see also Eminence Capital*, 316 F.3d at 1052 ("absent prejudice, or strong showing" of other factors "there exists a **presumption** under [Fed. R. Civ. P.] 15(a) in favor of granting leave to amend") (emphasis in original).

### B.  Plaintiff's proposed first amendment does not unfairly prejudice the Defendants.

11. As the party opposing leave to amend, the Defendant bears the burden of showing prejudice. *DCD Programs*, 833 F.2d at 187. Here, no unfair prejudice can be shown, as there is no previous amendment to the complaint, and the remaining factors support amendment.

12. Prejudice is the "touchstone" of the amendment analysis. *Eminence Capital*, 316 F.3d at 1052. Absent a showing of prejudice, "leave to amend should be freely given." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 826 (9th Cir. 1979). Here, Plaintiff's amendment to correctly assert the proper statute and allegations regarding BANA, as well as satisfy the statutory definition of a debt collector does not unfairly prejudice the Defendants, BANA and NDSC. As an initial matter, the additional claim of RESPA §2605 and allegations thereto are related to the Plaintiff's initial claims against BANA, and based on apparent violations of a conditions precedent under the contract, Deed of Trust.For example, the Plaintiff alleges BANA violated the Fair Debt Collection Practices Act ("FDCPA") and Slandered the Title to her property and failed to provide notice of assignment to Plaintiff. Plaintiff's amendment to add new factual allegations, correctly assert the proper statute and allegations thereto, as well as satisfy the statutory definition of a debt collector does not unfairly prejudice the Defendant, BANA. Plaintiff adds a communication form BANA where it identifies itself as a debt collector. And the amendment is merely a correction that gives notice to the defendant, and where a Defendant has fair notice of a claim, there is no showing of prejudice to defeat leave to amend. Despite the fact that NSM has not yet filed a response to the complaint (#1), Plaintiff has made contact with defense counsel to conduct a Rule 26(f) conference in response to the court order of May 5, 2015. Discovery will cure any prejudice from the corrected deficiencies and additions to the amended complaint. Additionally, the amended complaint does not significantly alter the allegations against defendant NDSC, except that which has been changed to satisfy the statutory definition of a debt collector, and amending the complaint to assert these additions allows the Defendants to conduct discovery on Plaintiff' claims.

13. Plaintiff voluntarily dismisses 15 USC §1692 e(8), §1692 e(9) and §1692b(5) of the FDCPA, Invasion of Privacy and NRS 649. Et seq. from the complaint, which favors the Defendants.

**C. Plaintiff' proposed first amendment will not cause undue delay.**

14. Defendants have been aware of the underlying facts of this case since its inception four months ago, and nothing in this first amended complaint alters defendants' familiarity

therewith nor causes undue delay to the proceedings because the temporary stay of this case has just been lifted by this court on May 5, 2015.

15. With respect to the precise meaning of the "undue delay" factor, the Ninth Circuit has, in some cases, indicated that the reviewing court must analyze whether the proposed amendment would cause undue delays in a proceeding, while in other cases it has described a party's delay in moving to amend as the pertinent inquiry. *See IXYS v. Advanced Power Tech., Inc.*, No. C 02–03942, 2004 WL 135861, at *4 (N.D. Cal. Jan. 22, 2004). Although the Ninth Circuit has variously described both views as important, "the former is far more significant for all practical purposes." *Id.* Under either view, Plaintiff' proposed amendment should be permitted.

**D. Plaintiff' proposed first amendment will not result in delay.**

16. Plaintiff' proposed amendment does not represent a dramatic significant change in the scope of the lawsuit, resulting in no delay from her proposed amendment. The claims are already within the scope of this lawsuit based on the Plaintiff's initial claims. For example, Slander of Title and FDCPA, 15 USC §1692 *et seq.*—the statutes underlying these two claims—each expressly provide for a more definite statement, and Plaintiff is amending to cure those deficiencies.

**E. Plaintiff seeks to amend her complaint in good faith.**

17. Plaintiff seeks in good faith to amend her complaint and add the statutes and satisfy the statutory definitions as described herein based on her independent investigation. The amendment provides notification to the Defendants prior to Plaintiff exploring any discovery on the claims and defenses at issue in this case. This factor favors amendment because each of the defendants should participate with Plaintiff in discovery in compliance with LR 26-1(e) and in response to the court' order of May 5, 2015. However, defendant NSM has not filed a response to complaint (Dkt. #1) as ordered by the court (Dkt #9) and this factor therefore also favors amendment.

**F. Plaintiff' first amended complaint has merit.**

18. The standard for denying a motion for leave to amend based upon futility is exceedingly high.

19. Embedded in Fed. R. Civ. P. 15(b), which permits amendment of pleadings to conform to proof during and after trial, is the principle that even delay until the time of trial is insufficient to defeat a motion for leave to amend where the opposing party will not be prejudiced by the amendment. *See* Fed. R. Civ. P 15(b)(1) ("If, at trial, a party objects

that evidence is not within the issues raised in the pleadings, the court may permit the pleadings to be amended. The court should freely permit an amendment when doing so will aid in presenting the merits and the objecting party fails to satisfy the court that the evidence would prejudice that party's action or defense on the merits."); *Deakyne v. Comm'n of Lewes*, 416 F.2d 290, 299 (3d Cir. 1969) ("amendment is to be freely allowed in order to aid in the presentation of the merits of the controversy, if the opposing party is not actually prejudiced"); *cf. Eminence Capital*, 316 F.3d at 1051 ("Federal policy strongly favors determination of cases on their merits").The prejudice inquiry under Fed. R. Civ. P. 15(b) is tightly tied to whether the opposing party was on notice of the amendment. Because Fed. R. Civ. P. 15(b) contemplates permitting a party to amend its complaint during or after trial to conform to evidence where the opposing party was constructively on notice of the amendment, then certainly Fed. R. Civ. P. 15(a) contemplates allowing amendment in this present case where the Defendants have been properly noticed and are aware of the additions to Plaintiff' first amended complaint due to their close or express relationship with her claims.

20. Ninth Circuit law dictates that "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

21. Here, the facts—if proved—would constitute a valid claim. For example, the violations of the FDCPA, Plaintiff could show facts supporting her allegations of the violations and the statutory liability thereof. These facts would prove liability for an FDCPA violation. Additionally, BANA' failure to provide Plaintiff notice of assignment pursuant to RESPA §2605. The proposed amendment is therefore not clearly insufficient or frivolous on its face. Plaintiff' proposed amendment is not futile.

22. Plaintiff has not previously amended her complaint. Since filing the complaint and thereafter a chapter 13 bankruptcy, this case has been stayed and only recently the court lifted the temporary stay on May 5, 2015 and ordered the Parties commence discovery in this case.

**G. Plaintiff has met the standard for obtaining leave to file a first amended complaint under federal rule of civil procedure 15.**

23. The Court should allow the filing of Plaintiff' first amended pleading because Plaintiff is not guilty of undue delay. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff

diligently moved to amend as soon as it became available and apparent that the amendment was necessary.

24. Plaintiff has not sought to amend her complaint in bad faith. Her sound, logical reasons for requesting to file her first amended complaint are explained above and she has not submitted this amendment in bad faith.

25. Lastly, plaintiff' proposed first amended complaint would cause no undue prejudice, as defendants have had first-hand familiarity with the facts of this case from its onset and have been in possession of a detailed complaint for just as long. Additionally, Plaintiff has been civil, professional, honest and forthcoming with Defense counsel for each of the Defendants from the onset in this case.

26. Denial of leave to amend would prejudice plaintiff' case in that she would be unable to pursue litigation on viable theories of recovery against culpable defendants. Therefore, Plaintiff respectfully urges this Honorable Court to follow the strong bias toward granting motions for leave to amend  as well as the mandate of Rule 15(a) that leave to amend "shall be freely given when justice so requires."

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that this Court grant her motion seeking leave to file her First Amended Complaint, attached herewith.


Respectfully submitted:                    Dated this _19TH_ day of May, 2015


                                           By,

                                           Jacqueline Manzano
                                           1951 Corvette St.
                                           Las Vegas, Nevada 89142
                                           702-788-0599
                                           _Plaintiff in proper person_

7

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing documents, Plaintiff's Motion for leave to Amend First Amended Complaint and First Amended Complaint, was sent to the following Party's listed below, by USPS First Class Mail,

**TO:**
Allison Schmitd, Esq.
Akerman LLP
1160 Town Center Drive, Suite 330
Las Vegas, NV 89144
*Attorney for Defendant,*
*Bank of America, N.A.*

**TO:**
Kevin Soderstrom, Esq.
Tiffany & Bosco, P. A.
212 South Jones Blvd.
Las Vegas, NV 89107
*Attorney for Defendant, National*
*Default Servicing Corporation*

Dated this /9 ͭͪ day of May, 2015

By: _____
Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
Phone 702-788-0599
*Plaintiff in proper person*

8

Jacqueline Manzano
1951 Corvette Street
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

## UNITED STATES DISTRICT COURT

## CLARK COUNTY, NEVADA

JACQUELINE MANZANO,

    **Plaintiff(s),**

    **-vs-**

NATIONAL DEFAULT SERVICING

CORPORATION, BANK OF AMERICA,

NA fka  COUNTRYWIDE HOME LOANS

SERVICING LP and  NATIONSTAR

MORTGAGE, LLC dba  NSM RECOVERY

SERVICES, INC.,

    **Defendant(s).**

**CASE NO. 2:15-cv-00074-GMN-PAL**

**PLAINTIFF'S FIRST AMENDED
VERIFIED COMPLAINT**

ORIGINAL

## PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT

  COMES NOW Plaintiff, Jacqueline Plaintiff, in proper person, hereby sues Defendants, Bank of America, NA /fka Countrywide Home Loans Servicing LP, (hereinafter ""BANA"), National Default Servicing Corporation (hereinafter "NDSC"), and Nationstar Mortgage, LLC, dba Recovery Services, Inc. (hereinafter "NSM"), and claims the following;

## I.  INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief brought by Plaintiff against Defendants for violations of the Fair Debt Collection Practices Act 15 U.S.C. §1692 *et seq.;* (hereinafter "FDCPA"), for violations of the Fair Credit Reporting Act 15 USC §1681b and §1681b(f), (hereinafter "FCRA"), for violations of NRS 107.080, for violations of the Real Estate Settlement Procedures Act 12 USC Sec. 2605 (b)(1) (hereinafter RESPA), and Slander of Title.
2. This action involves an alleged "defaulted debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property that is the subject of the

1

transaction was primarily for personal, family, and/or household purposes §1692a(5).

3. Defendants, BANA, NSM and NDSC initiated a campaign of abusive, unfair, unreasonable, and unlawful debt collection activity directed against Plaintiff in Las Vegas, Nevada, County of Clark.

4. Plaintiff contends that the Collection Company Defendants have violated such laws by repeatedly harassing Plaintiff in their attempts to collect a non-existent consumer debt that is not in default. As a result of these and other violations of law, Plaintiff seeks to recover actual and statutory damages together with costs and reasonable attorney's fees if applicable.

## II. LEAVE TO AMEND COMPLAINT

5. Plaintiff reserves her right to amend her Complaint, to re-state a claim with a more definite statement. Plaintiff is informed and believes and therefore alleges that she may have suffered damages in other ways and to other extents not presently known to her, and not specified herein. Plaintiff reserves the right to assert additional facts and damages not referenced herein, and/or to present evidence of the same at the time of trial and to add additional Defendants not presently known to her.

## III.  JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to the FDCPA 15 USC §1692k (d), 28 U.S.C. §1332 and the doctrine of supplemental jurisdiction.

7. This court has jurisdiction because Plaintiff resides here, the acts complained of herein occurred here, and Defendants conducts business here.

8. This court has jurisdiction because the Defendants violated the FDCPA §1692 *et seq.* and the FCRA §1681b in that the defendants reached into Clark County availing itself of the protection of the laws of Clark County Nevada and the defendants acts in this County gave rise to the causes of action asserted herein.

9. This court has jurisdiction because Defendants conduct business in the State of Nevada and committed the acts that form the basis for this suit, to wit, by continuously attempting to collect a non-existent consumer debt from Plaintiff, with the intent to cause effects in the County of Clark, State of Nevada, this Court has personal jurisdiction over the Defendants for purposes of this action.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391b, in that the Plaintiff resides here, the Defendants transact business here, to wit, the collection of a consumer debt, and the conduct complained of occurred here.

11. Venue is proper in the southern district of Nevada for the purpose of this action.

12. All conditions precedent to the filing of this action has been performed, waived or excused.

## IV.  PARTIES

13. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

14. Plaintiff is an adult person and is a resident of Clark County, State of Nevada.

15. Plaintiff is the owner and resident of the subject property and improvements located at; 11951 Corvette St., Las Vegas, Nevada 89142.

16. The FDCPA violations alleged herein are within the statute of limitations as defined by 15 U.S.C. §1692k(d).

17. The RESPA violations alleged herein are within the statute of limitations as defined under section 6, 12 U.S.C. §2605.

18. Plaintiff is a consumer as defined under the FDCPA at 15 U.S.C. §1692a(3), and a person

2

with standing to bring a claim under the FDCPA, FCRA, RESPA, Slander of Title and the Nevada Revised Statutes, by virtue of being directly affected by the violations of the Acts, to wit, Plaintiff received collection letters and account statements from NSM, and received Notices from NDSC regarding foreclosure of her property, after Plaintiff had discharged the obligation for the alleged debt, and defendants had full knowledge of the same. Defendant BANA caused to be recorded an assignment(s) to its Attorney in Fact, NSM and said assignment(s) is governed under RESPA§2605.

19. Defendant NDSC is a "debt collector" as defined by 15 U.S.C. §1692a(6), who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of foreclosure Trustee sales of real property.

20. Defendant, BANA is a limited liability corporation formed under the laws of the State of Nevada, and conducts business in Clark County, NV

21. Plaintiff is informed and believes, and thereon alleges that, BANA is a "debt collector" as defined by 15 U.S.C. §1692a(6), who uses instrumentality of interstate commerce and the mails in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of foreclosure Trustee sales of real property.

22. Defendant NSM is a "debt collector" as defined by 15 U.S.C. §1692a(6), who uses instrumentality of interstate commerce, the mails and obtaining consumer credit reports in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of foreclosure of real property.

23. Defendant NSM is a debt buyer who purchases discharged and unsecure consumer mortgage debt at deep discount from Banks and other mortgage institutions and purports to service and attempts to collect the same, by way of declaring default and commencing foreclosure of real property.

24. Each of the corporate defendants are agents of each other and are legally responsible for the acts and omissions of each other, and each of the defendants are severally and/or vicariously liable for the acts complained of herein.

25. Defendant NDSC is the agent of NSM, and upon information and belief, NSM is vicariously liable under the FDCPA for the repeated violative debt collection activities of its agent NDSC, because NDSC' actions were and are at the behest of NSM.

26. Based upon information and belief, NSM is not the real party in interest entitled to enforce a debt or lien, because NSM merely purchased evidence of the alleged non-existent by way of assignment for collection from BANA.

27. At all times relevant hereto Defendants agreed amongst themselves and in combination with each other and various agents known and unknown as to each overt act in furtherance of the conspiracy and enterprise to engage in unlawful actions for a common purpose, to wit, to perpetrate a fraud against Plaintiff with reckless disregard.

28. Plaintiff is informed and believes and thereon alleges that Defendants, NSM and NDSC have conspired to operate outside the law in order to enforce a right to foreclose on Plaintiffs property, where they do not have authority and could not carry out, with total disregard of the Plaintiffs rights, Federal and State laws.

29. Plaintiff is informed and believes and thereon alleges that Defendants, NSM and NDSC have created and caused fraudulent documents to be recorded in the Official Clark County records

3

giving the appearance that there is a legal foreclosure going on, while one or both of the Defendants continue to break the law.

30. By Defendants committing these acts and omissions against Plaintiff, Defendants were motivated to benefit their principal.

31. Defendants violations of the FDCPA brought forth herein occurred within the one year statute of limitations as defined in the FDCPA 15 U.S.C. §1692k(d).

32. Defendant NSM is a furnisher of information as contemplated by the FCRA § 1681s-2(a)& (b),who regularly and in the ordinary course of its business furnishes information to one or more consumer reportingagencies about consumertransactions or experiences with any consumer, and who obtains the credit reports of consumers for the purpose of consumer debt collection.

33. Defendant NSM obtained the Plaintiff' Transunion credit report on two occasions, without her consent and without a permissible purpose.

34. Defendant NSM' violations of the FCRA brought forth herein occurred within the statute of limitations as defined in the FCRA 15 U.S.C. §1681p.

## V.  FACTUAL ALLEGATIONS

35. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

36. Plaintiff is a consumer as the term is defined by the FDCPA § 1692 a(3).

37. Defendants are debt collectors as the term is defined by the FDCPA § 1692 a(6), who use instrumentality of interstate commerce, the mails and consumer credit reports in its business the principal purpose of which is the collection of consumer debts, and who regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another, and its principal purpose of business is the collection of consumer debts by way of foreclosure of real property.

38. This case involves an alleged defaulted consumer debt, where no debt or default exists and the alleged consumer debt Defendant' are attempting to collect from Plaintiff arises out of an alleged "defaulted debt," as the action involves an alleged obligation of a consumer to pay money arising out of a transaction in which the property, that is the subject of the transaction was primarily for personal, family, and/or household purposes as defined by the FDCPA §1692a(5).

39. Discovery of the FDCPA violations brought forth herein occurred within the one year of the statute of limitations as defined in the FDCPA 15 U.S.C. §1692k(d),

40. Discovery of NSM' violations of the FCRA §1681b brought forth herein occurred within the statute of limitations as defined in the FCRA 15 U.S.C. §1681p.

41. On July 30, 2010, Plaintiff filed for chapter 7 bankruptcy relief in Las Vegas, Nevada, ( Case #10-24411-MKN ), and Countrywide/dba/BANA, the alleged lien holder(s) on Plaintiffs primary residence, received proper notice. On or about July 11, 2011, the Bankruptcy Court entered an order of discharge in Plaintiff's case.  Plaintiff' Bankruptcy Discharge Order rendered the debt obligation uncollectible, and that includes all subsequent debt collectors and assignees in the chain regarding the discharged debt. Simply put, its *res judicata*.

## A.  BANA, THE FDCPA 15 USC §1681*et seq.* and RESPA 12 USC Sec. 2605 (b)(1)

42. Upon Plaintiff' bankruptcy discharge BANA certainly had the opportunity to foreclose *in rem*, but instead chose to collect the non-existent debt from Plaintiff *in personam*. In spite of this knowledge BANA knowingly and willfully followed the guidelines of the FDCPA by defining itself as a debt collector attempting to collect a debt, in its former communications with Plaintiff in 2012, therefore, BANA is a debt collector by its own admittance. Plaintiff sent BOA a Notice of Dispute, via certified mail on 12/28/2012. ( **EXHIBIT A**)

43. Plaintiff 'grievous ordeal is defined by BANA' maliciousness in assigning for aggressive collection a fully resolved, non-existent and uncollectable mortgage debt to NSM. NSM'

knowing and malicious attempts to extort Plaintiff at the direct behest of BANA, include a multitude of attempts to collect a contrived debt, notwithstanding Plaintiff's multiple disputes and requests for proof of its authority.

44. The Assignment purporting to be a corrective Corporate Assignment of Deed of Trust (CADOT) dated 7/18/2014 and subsequently recorded on July 29, 2014, falls within the ambit of the FDCPA and is within the one year statute of limitation of the FDCPA as defined in 15 U.S.C. §1692k(d). BANA as the assignor of that document is vicariously liable under the act because of its agency relationship with assignee NSM

45. The corrective CADOT clearly states that, NSM is BANA' Attorney in Fact, but there is no evidence of a Power of Attorney in the Official Records of Clark County to reflect that status. Therefore, BANA, through its agent NSM, caused to be recorded, a false, deceptive and misleading representation in connection with the collection of a debt, which is a violation of 15 USC §1692e of the FDCPA.

46. BANA as former servicer of the Manzano mortgage has "failed to fulfill the contractual condition precedent, sec. 20 of the Deed of Trust by failing to provide proper notice to Plaintiff. Specifically. BANA' initial ADOT and/or corrective CADOT to NSM, is inconsistent with paragraph 20 of the deed of trust, which is a conditions precedent of the DOT. Section 20 explicitly provides as follows:

**Section 20. Sale of Note; Change of Loan Servicer; Notice of Greivance.**

The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times " **without prior notice"** to Borrower........... (Emphasis added)

47. The word **"prior"** does not mean never. And to date, BANA has never provided notice to Plaintiff that a Change of Loan servicer and/or transfer of the Deed of Trust was to or had taken place in April of 2013, as required per section 20 of the covenants. BANA failed to adhere to the conditions precedent, section 20 of the DOT, which is a breach of the explicit covenants in the DOT and a violation of RESPA 12 USC Sec. 2605 (b)(1)(2), which specifically provides as follows;

**Sec. 2605. Servicing of mortgage loans and administration of escrow accounts**

(b) Notice by transferor of loan servicing at time of transfer

(1) **Notice requirement:** Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

 (2) **Time of notice:** Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

## B. NSM, the FDCPA 15 USC §1682 *et seq* and the FCRA 15 USC §1681b

48. Plaintiff is informed and believes and thereon alleges that NSM is not the Real party in Interest nor the person entitled to enforce. And to date, NSM has failed to prove proof it is the real party in interest with the rights to enforce or when it was given that status. NSM

5

informed Plaintiff that Fannie Mae owns the Manzano loan. And according Fannie Mae' web site, Fannie Mae allegedly owns the Manzano loan. However, there is nothing in the official Clark County record to evidence Fannie Mae is the owner of the Manzano loan or when such ownership took place.

49. On April 20, 2013, Plaintiff received a letter from NSM, dated April 13, 2013, informing Plaintiff that NSM had taken over the servicing rights for the account from BANA, effective April 1, 2013, with no evidence of an assignment or agreement to service the alleged loan, nor did NSM provide evidence of it's true name of its business, as required by the FDCPA 15 USC §1692 e(14). **(EXHIBIT B)**

50. On or about May 15, 2013, Plaintiff sent NSM a Notice of Dispute, via certified mail, disputing the debt and requesting validation of the debt, NSM received said notice on May 17, 2013, according to postal records. To date NSM has failed to provide validation and verification and has continued its collection activities, contrary to the FDCPA 15 USC §1692 g(B).. **(EXHIBIT B)**

51. Plaintiff sent NSM another **Debt Validation Request** To NSM, Lewisville, TX 10/01/2014, Certified mail#7010 3090 0002 6869 1712. **(EXHIBIT B)**

52. Since then NSM has continuously sent Plaintiff monthly billing statements, attempting to collect a debt, knowing the debt was discharged in bankruptcy, and adding a standard bankruptcy disclaimer which states in part; *If this debt was discharged in bankruptcy, this is not an attempt to collect a debt and this is for informational purposes only."* The conduct of NSM did in fact, harass, abuse, humiliate and belittle Plaintiff to a point of oppression, because NSM asserted a right, which it lacks, to wit, the right to enforce a debt, contrary to §1692d of the FDCPA.

53. Plaintiff made multiple attempts to resolve her dispute with NSM by requesting documentation and information relating to its authority to enforce the note, commence a foreclosure and collect an alleged debt. Specifically, Plaintiff made a statutory inquiry to Defendants pursuant to NRS §104.1101 et seq. and Chapter 104 of the UCC. Plaintiff sent certified letters to NSM employees who corresponded with Plaintiff. **(letters (#7010 2780 0003 7087 4651) and (#7010 2780 0003 7087 9168) (EXHIBIT C)**

54. On or about June 27, 2014, Plaintiff received a communication from NSM employee, DeMarco Jefferson dated, June 20, 2014, in response to Plaintiffs June 15, 2014 notice of dispute, which stated in part; *"A response will be provided no later than July 30, 2014."* To date no response has been received by Plaintiff, answering her questions or validating the alleged debt. (Emphasis added)

55. On September, 26, 2014 Plaintiff received a communication from NSM dated, September 11, 2014, which stated in part, (in very small fine print);*" Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."* (Emphasis added).

56. NSM' **MORTGAGE PAYOFF STATEMENT**, states the following; *"Total Amount to Pay Loan in Full,* (through 12/31/2014) **$327,339.98."** And NSM' recent communications to Plaintiff, dated 12/24/2014 and January 14, 2015 are very confusing and deceptive because, the letter dated **12/24/2014**, states in part; *"Total: $120,700.93 due. You must pay this amount to bring your loan current. Your loan is currently 2182 days past due."* the

letter goes on to state in part; ***"Failure to bring your loan current may result in fees, possibly even foreclosure and the loss of your home."*** which is unequivocally confusing under the least sophisticated consumer standard and prima facie evidence that NSM cannot seem to make up its mind what amount or fees to charge Plaintiff for its contrived non-existent debt, which is contrary to the FDCPA, 15 USC §1692 e(2)(A). **(EXHIBIT B)**

57. NSM' subsequent letter to Plaintiff, dated January 14, 2015, states in part; ***"Prior notice dated 12/22/2014 can be disregarded."*** Then it goes on to state in part; ***"The letter was sent to you in error.", "No action is required on your part." "The letter was not to seek payment or attempt to collect a debt from you personally."*** (emphasis added) NSM asserted a right which it lacks, to wit, the right to enforce a debt. In its 12/24/2014 letter NSM attempts to collect a contrived non-existent debt, and in its subsequent letter dated 1/14/2015, it attempts to evade liability under the FDCPA by requesting Plaintiff **disregard** the former communication, which is a clear admission by NSM' that it is fully aware of its liability under the act. Plaintiff was completely confused by these two communications, especially the part of the letter that states; ***"no action is required on your part."*** **(EXHIBIT B)**

58. Plaintiff requested and received her Transunion credit report on or about September 6, 2014 and found that NSM had obtained her Transunion credit file on April 30, 2014 without her consent, and upon information and belief, NSM obtained her consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification, thereby violating §1681b.

59. Plaintiff has requested confirmation and disputed the April 30, 2014, unauthorized inquiry with Transunion on September 20, 2014 via certified mail (7010 3090 0002 6868 9320), Transunion received it on September 22, 2014, according to postal records.

60. Plaintiff requested confirmation and disputed the unauthorized inquiry with NSM, on September 19, 2014, via certified mail **(7010 3090 0002 6868 9375),** regarding her Transunion credit report, which was received by NSM on September 25, 2014, according to postal records. To date, NSM has failed to provide Plaintiff with its permissible purpose. **(EXHIBIT B)**

61. On September 29, 2014 Plaintiff received an updated copy of her Transunion credit report, and it reflects NSM obtained her credit report on July 31, 2014. And requested confirmation and disputed the July 31, 2014, unauthorized inquiry with Transunion on September 30, 2014 via certified mail.

62. NSM acquired the alleged debt from BANA, as a debt it believed was in default, and its collection activities were based on that understanding. NSM attempted to collect on a debt that **"it asserted to be in default"** and because that asserted default was believed by NSM to have existed when NSM acquired the alleged debt from BANA, NSM is not outside the scope of the Act, and is therefore liable under the act. Specifically, 15 USC §1692d, §1692e §1692e (2)(A), §1692e(5), §1692e(10), §1692e(14), §1692f, §1692f(6), which are more specifically alleged in **COUNT I** of this complaint.

**C. NDSC AND THE FDCPA 15 USC §1681 *et seq.***

7

63. Plaintiff received a communication from NDSC, dated August 12, 2014, attempting to collect a debt, which stated in part; *"NOTICE: This may be considered an attempt to collect a debt and any information obtained will be used for that purpose."* (Emphasis added). The

64. purported validation demanded payment of, **$115,423.30** and it referenced the amount in default of **$112,022.00, accrued interest $89,947.22 and accrued late charges $74.59**. NDSC asserted a right which it lacks, to wit, to enforce a debt, contrary to the mandates of the FDCPA. **( EXHIBIT D)**

65. On August 30, 2014, Plaintiff sent NDSC a NOTICE OF DISPUTE pursuant to 15 USC §1692g(b),  by certified mail, which was received by NDSC on September 2, 2014, according to the postal records. NDSC asserted a right which it lacks, to wit, the right to enforce a debt. To date, NDSC has failed to provide verification and validation of the alleged debt, contrary to the mandates of the FDCPA.**( EXHIBIT D)**

66. On or about September 20, 2014, Plaintiff received two (2) letters from NDSC. However, the letters themselves were addressed from NSM and contained a packet of standard forms which were not responsive to Plaintiffs former dispute and requests. The NSM letter, stated in part; **A NOTICE OF DEFAULT HAS BEEN FILED WITH REGARD TO YOUR MORTGAGE LOAN.** The fact is, Plaintiff is not in default, and no mortgage or debt exists or debtor/creditor relationship exists between Plaintiff and NSM.

67. On or about September 26, 2014 Plaintiff received three (3) identical letters from NDSC, **NOTICE OF DEFAULT AND ELECTION TO SELL UNDER THE DEED OF TRUST IMPORTANT NOTICE;** The notices stated in part; *"This is an attempt to collect a debt and any information obtained will be used for that purpose."* (emphasis added) NDSC asserted a right which it lacks, to wit, the right to enforce a debt.

68. On or about September 27, 2014 Plaintiff received a letter from NDSC, dated September 22, 2014, attempting to collect **$312,715.44**, the letter stated in part; *"This firm is not a Debt Collector as the term is defined pursuant to the fair Debt Collection Practices Act."* (emphasis added) NDSC asserted a right which it lacks, to wit, the right to enforce a debt, and the letter clearly contradicts the former letter of 9/26/2014, where NDSC clearly defines itself as a debt collector attempting to collect a debt, which is unequivocally confusing under the least sophisticated consumer standard and prima facie evidence that NDSC cannot seem to make up its mind what amount or fees to charge Plaintiff for its contrived non-existent debt, which is contrary to the FDCPA, 15 USC §1692 e(2)(A). **(EXHIBIT D)**

69. Plaintiff made multiple attempts to resolve her dispute with NDSC by requesting documentation and information relating to NDSC' authority to declare a default and collect an alleged debt. Specifically, Plaintiff made a statutory inquiry via certified mail to each NDSC employee that corresponded with Plaintiff, pursuant to NRS §104.1101 et seq. and Chapter 104 of the UCC. To date, they have failed to provide Plaintiff with a meaningful response or verify and validate the debt.

70. Plaintiff sent a duplicate letter to each NDSC employee, on 10/01/2014 via certified mail, pointing out the inaccuracies in each of their responses to Plaintiff' former requests. However, to date, NDSC has failed to address Plaintiff' requests or provide validation and verification of the alleged debt.

8

71. Plaintiff is informed and believes and thereon alleges that NSM and NDSC' foreclosure action is an illegitimate act because the act of foreclosure is an attempt to collect a debt, and Defendants cannot declare a default and enforce a lien without attempting to collect a debt. And NSM has failed to prove it is the real party in interest with the rights to enforce. Additionally, Plaintiff is not in default and does not owe a debt to either Defendant.

72. Defendants, NDSC and NSM do not stop there, NDSC then sets a trustee sale date of February 20, 2015, to sell Plaintiffs property, but does not provide Plaintiff with a 21 day notice of the same as required by NRS 107.080.  NDSC asserting a right which it lacks, to wit, the right to enforce a debt, and continued its collection action against Plaintiff *in personam,* in spite of being on notice that the alleged debt is in dispute, and has not been validated in total disregard of the FDCPA 15 USC §1692 g(B).

73. Plaintiff has no established business relationship with NSM and/or NDSC in any capacity. Even if Plaintiff did have such an agreement, which Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not validated and the wrongful actions of Defendants in their continuous aggressive attempts to collect a non-existent debt and failing to validate and prove their authority in connection with the collection of the alleged debt.

**SLANDER OF PLAINTIFFS TITLE AND THE RECORDING OF FALSE STATEMENTS IN THE OFFICIAL CLARK COUNTY RECORDS**

74. In order to bring a legally sufficient claim of Slander of Title, one must prove the following required five elements.

    (1).There was a communication to a third party of;

    (2). A false statement;

    (3). Derogatory to another's title;

    (4). Done with malice; and

    (5). Causing special damages;

75. The Notice of Default and election to Sell,(hereinafter NOD)  dated  9/15/2014 , recorded into the Official Records of  Clark County on 9/16/2014,  is a communication to a third party of a false statement derogatory to Plaintiff's property title, made with malice causing special damages to the Plaintiffs claim of title. Further, recording the document purporting it to be a NOD is a statement to a third party. Because, the NOD reflects a default of an unpaid obligation, statements that are false, because an unpaid obligation does not exist, are false statements to a third party and the NOD is fatally defective as no debt or default exists.

76. Therefore, the subsequent filing of the Notice of Trustee 's Sale, dated 12/24/2014, recorded into the Official Records of  Clark County on 10/26/2014,  is a communication to a third party of a false statement derogatory to Plaintiff's property title, made with malice causing special damages to the Plaintiff' claim of title. Further, recording the document purporting it to be a Notice of Trustee's Sale is a statement to a third party, and is also fatally defective.

77. Because the NOD is fatally defective rendering the Notice of Trustee Sale, which relies upon it fatally defective and both documents should be redacted from the Official Clark County Records. Additionally, the NOD and the NOTS fall directly within the ambit of the FDCPA 15 USC §1692 e, being that they are false, deceptive and misleading  representations in connection with the collection of a non-existent debt, and Plaintiff could not possibly be in

default of a non-existent debt.

78. After diligent research and close inspection, Plaintiff is informed and believes and thereon alleges that, the Affidavit of Authority to Exercise The Power of Sale, which is attached to the recorded NOD, signed by Demetrice Person, NSM assistant secretary, purporting to be Notarized by **Christina Journet** is highly questionable and notary fraud exists. NSM employee- **Jennifer Talbot** allegedly signed the recorded Nevada Declaration of Compliance. However, the signatures of **Jennifer Talbot** and **Christina Journet** are highly questionable, and there is notary and robo-fraud in those documents, due to the variations of their signatures on other documents signed by those individuals. However more research and discovery is needed to determine the true facts regarding this issue.

79. The recorded Corrective CADOT contains the false statement that NSM is BANA' Attorney In Fact. However, there is no record of a Power of Attorney naming NSM and BANA in the Official Clark County records, which is a false statement to a third party.

80. Plaintiffs has suffered financial and emotional stress, which are special damages resulting from Defendants malicious actions as Defendants had full knowledge the alleged debt obligation had been discharged and they willfully elected to violate state and federal law, such is with intent.

81. Recording the document purporting to be a **"Notice of Default and Election to Sell under Deed of Trust"** dated **9/15/2014** is by definition a statement to a third party and the statement that **"a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of**: is a false statement, and that false statement is derogatory to Plaintiff's title. Defendants knew or should have known that the statements on their documents are false and Defendants acted with reckless disregard of the truth or accuracy of the statements that are now a matter of public record, for the world to see.

82. Each of the false statements that defendants have recorded in the official Clark County Record are communications to a third party, of a false statement, derogatory to Plaintiff' title, made with malicious intent, because Defendants were aware of the legal status of the non-existent debt, thereby causing Plaintiff special damages to her claim of Title. Because she now has to incur additional financial damages to litigate this case and rectify the title to her property title.

83. Upon Plaintiffs information and belief, The foregoing actions of Defendants have not only disparaged the Title to Plaintiffs property, it has also humiliated and embarrassed her, the result of which has caused her the loss of potential rental income which is a special damage, due to the pending foreclosure on her property. The slander of title will most certainly caution other potential renters and prevent Plaintiff the right to rent out a room and/or other space in her home and/or the potential sale of her property.

84. Plaintiff suffered a deadly illness which began in latter part of September 2013 and was totally disabled for about six (6) months in 2014, as Plaintiff is working to recover her health the Defendants foregoing actions are continuously causing her an enormous amount of emotional stress and anxiety, the result of which is damaging to her health and wellness.

85. Plaintiff has also suffered credit disparagement resulting in the loss of personal financial

86. opportunities as a direct and proximate result of Defendant's slandering false statements and attempts to foreclose a debt which is not owed by Plaintiff because no default exists. And Defendants have left Plaintiff no choice but to file this case and seek judicial interference in order that she may reverse the negative effects of the false slandering statements on her property title. To date, this matter has caused Plaintiff, and continues to cause her financial stress, emotional stress and special damages.

## COUNT I

## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692 *et seq.* BY DEFENDANTS, BANK OF AMERICA, N. A., NATIONSTAR MORTGAGE, LLC AND NATIONAL DEFAULT SERVICIG CORPORATION

87. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

88. The violations alleged herein are within the statute of limitations as defined by 15 U.S.C. §1692k(d).

89. BANA, NSM and NDSC are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6) attempting to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

90. The Fair Debt Collection Practices Act, FDCPA 15 U.S.C. § 1692a (emphasis added). The Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee. ("[T]he FDCPA holds `debt collectors liable for various abusive, deceptive, and unfair debt collection practices regardless of whether the debt is valid.'")

91. Defendants, NSM and NDSC are fully aware of the FDCPA debt collection laws, and further knew each of their harassing communications were subject to liability under the FDCPA. Defendants are rarely sued over such harassing communications, since very few consumers are aware that their rights are being violated. As such, Defendants are highly motivated to continue sending their harassing communications since any claims paid out as a result of such wrongful conduct are minuscule when compared to the overall profit generated from such illegal acts.

92. Defendants and each of them, willfully and knowingly identified themselves as a debt collector, and therefore established liability under the FDCPA, whether or not they each claim not to be subject the act by claiming to be creditors and/or agents performing its duties under the law and are merely attempting to enforce a security interest.

93. Plaintiff is informed and believes and thereon alleges that, NSM is BANA' "attorney in fact according to the CADOT. Therefore, **BANA is vicariously liable** for the repeated violative debt collection activities of its agent NSM, because NSM' actions were at the direct behest of BANA.

94. Plaintiff is informed and believes and thereon alleges that, NDSC is the agent of NSM, and therefore, NSM is vicariously liable for the repeated violative debt collection activities of its agent NDSC, because NDSC' actions were and are at the direct behest of NSM.

95. NSM acquired the alleged non-existent debt from BANA which it believed was as a debt in default, and its collection activities were based on that understanding. NSM attempted to collect on a debt that **"it asserted to be in default"** and because that asserted default was believed by NSM to have existed when NSM acquired the alleged debt from BANA,  NSM

is not outside the scope of the Act, and is therefore liable under the act as follows;

96. Plaintiff is informed and believes and thereon alleges that, Defendant NSM has violated 15 U.S.C. **§1692d** by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person, by repeatedly sending Plaintiff monthly payment statements, with a standard bankruptcy disclaimer to avoid liability under the FDCPA, and by asserting a right which it lacks, to wit, the right to enforce a debt which is non-existent.

97. Plaintiff is informed and believes and thereon alleges that, the NSM and NDSC's conduct violated 15 U.S.C. **§1692e** and **§1692e (5)** in that Defendants engaged in false, deceptive and misleading behavior in connection with the collection of a debt by threatening to take a legal action by way of foreclosure against Plaintiff *in personam*, that cannot be legally taken as no default or debt exists. Including informing her and recording a NOD and NOTS in the official records of Clark County, which is a threat of a legal action.\

98. Plaintiff is informed and believes and thereon alleges that, NSM and NDSC 'conduct violated 15 U.S.C. **§1692e(2)(A),** because they falsely and deceptively misrepresented to PLAINTIFF that she was in default and owed various different amounts for a non-existent debt. Defendants knowingly and intentionally continued to attempt to collect such amounts by falsely representing the character, amount and legal status of the debt and by stating that Plaintiff is in Default and owes a debt, when in fact, the legal status of the alleged debt is non-existent and therefore, a default is impossible. The forgoing acts by NSM and NDSC were willful, knowing, intentional, persistent, frequent, and devious violations of 15 U.S.C. section 1692e(2)(A).

99. Additionally, the recorded NOD and the NOTS fall directly within the ambit of the FDCPA 15 USC §1692 e, being that they are false, deceptive and misleading representations in connection with the collection of a contrived non-existent debt that could not possibly be in default.

100. Further, Plaintiff is informed and believes and thereon alleges that, NSM' repetitious debt collection actions are unconscionable for continuously attempting to force the Plaintiff to adhere to its artificial defaulted debt, its contrived account number ending in 0535 and its purported creditor status, so that it may continue to violate the FDCPA and escape culpability, while it requests that Plaintiff disregard its intentions in its 1/14/2015 letter, while it continues its unlawful foreclosure action against her *in personam* to benefit its principal.

101. Plaintiff is informed and believes and thereon alleges that, Defendant, NSM' conduct violated 15 U.S.C. **§1692e (10)** in that NSM made false representations to Transunion credit reporting agency to obtain information about the Plaintiff' financial status, which were false and deceptive means used by NSM as a means to continue collection activity for its contrived debt.

102. Plaintiff is informed and believes and thereon alleges that, Defendant, NSM' failed to provide the Plaintiffs with the true name of its debt collecting business, which is NSM Recovery Services, Inc. which is a violation of 15 U.S.C. **§1692e(14).**

103. Plaintiff is informed and believes and thereon alleges that, NSM and NDSC conduct violated 15 U.S.C. **§1692f** and **§1692f(6)** in that it used unconscionable means to collect a non-existent debt, by declaring a Default against Plaintiff, when in fact, Plaintiff is not in default, nor does she owe a debt to NSM and the actions of NSM have humiliated and

belittled Plaintiff to a point of oppression, in that Defendants have taken illegitimate steps and threatened to unlawfully repossess or disable the Plaintiff's property.

104. On the one hand NSM is attempting to collect a non-existent debt, where no default exists, by repeatedly sending Plaintiff monthly payment statements, of which were sent to Plaintiff in violation of the FDCPA. And on the other hand NSM attempts to abrogate liability under the FDCPA by adding a generic Bankruptcy disclaimer to its payment statements, and these actions clearly spell out a willful and egregious violation of the FDCPA, including deliberate and repeated harassment of the Plaintiff, as outlined in 15 USC **§1692d**. NSM had a high degree of awareness as to its foregoing actions, and did so with malicious forethought, and its letter of 1/14/2015 is evident of its intention to wish away the FDCPA liability.

105. Plaintiff is informed and believes and thereon alleges that Defendant NSM is not the real party in interest with the right to enforce the alleged artificial debt that it believes to be in default, and NSM has failed and/or refused to provide Plaintiff with evidence of the same because, to date, NSM has not responded to Plaintiffs repeated requests or her notices of dispute, but has continued to violate her rights by continuing to attempt to collect a non-existent debt.

106. NSM and NDSC continued collection activity after receiving notice of dispute, and failed to provide written verification and validation of debt before resuming collection activities, contrary to 15 U.S.C.**§1692g(b)**, with total disregard of the Plaintiffs rights, federal and state law. Pursuant to 15 U.S.C. §1692c(c), if such notice from the consumer is made by mail, notification shall be complete upon receipt. This clearly demonstrates a willful violation of 15 U.S.C. §1692g(b).

107. Plaintiff has no established business relationship with NSM and NDSC in any capacity. Even if Plaintiff did have such an agreement, which Plaintiff denies, the alleged debt is not in question here. But the fact as to how it was or was not verified and validated and the wrongful actions of Defendants in their continued attempts to collect the non-existent debt and for failing to verify and validate and prove their authority in connection with the collection of the debt.

**WHEREFORE**, Plaintiff demands judgment for damages against Defendants, BANA, NSM and NDSC, for actual and statutory damages, any punitive damages, costs incurred and attorney fees if applicable, pursuant to 15 U.S.C. §1692k

## COUNT II
## VIOLATIONS OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681b and §1681b(f) BY DEFENDANT, NATIONSTAR MORTGAGE, LLC

108. Plaintiff incorporates all preceding paragraphs 1 through 71 as fully set forth herein.

109. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a (c).

110. Transunion is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

111. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

112. Defendant, NSM is a furnisher of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of its business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer, and who obtains the credit reports of consumers.

113. The FCRA violations occurred within one year of the filing of this complaint, and are within the statute of limitations as defined by the FCRA 15 USC §1681p.

114. The FCRA, 15 U.S.C. § 1681b permissible purposes for which a person may obtain a consumer credit report are; if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

115. Plaintiff has not applied for credit, employment or insurance in any capacity from NSM. Therefore, since no established business relationship exists and no transaction has taken place between Plaintiff and NSM, Plaintiff has no idea as to what permissible purpose NSM could possibly have had to obtain her Transunion credit report on two ocassions, and Plaintiff does not believe one exists.

The FCRA §1681b(f) provides:

"A person shall not use or obtain a consumer report for any purpose unless—

**(1)** the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and

**(2)** the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

**116.** Plaintiff is informed and believes, and thereon alleged that **NSM** violated the FCRA and NSM' violations include, but are not limited to, the following:

**117.** Plaintiff is informed and believes, and thereon alleged that NSM willfully violated **§1681b(f)** by willfully using false pretenses or knowingly without a permissible purpose obtained Plaintiff consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose as defined by §1681b. NSM obtained Plaintiffs Transunion credit file on April 30, 2014 and July 31, 2014 without a permissible purpose and without Plaintiffs consent, thereby violating 15 USC §1681b of the FCRA.

**118.** Plaintiff requested confirmation and disputed the unauthorized inquiries with Transunion on September 20, 2014 and September 30, 2014 via certified mail. Plaintiff also disputed the unauthorized inquires of her Transunion report with NSM via certified mail on September 19, 2014. To date, NSM has yet to provide Plaintiff with its permissible purpose for doing so. To date NSM has failed to respond or provide its permissible purpose.

**WHEREFORE**, Plaintiff demands judgment for damages against NSM for actual or statutory damages, any punitive damages, court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

### COUNT III
## SLANDER OF TITLE BY DEFENDANTS, NATIONSTAR MORTGAGE, LLC AND NATIONAL DEFAULT SERVICING CORPORATION

119. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

120. Defendants violations include but are not limited to the following;

121. The purported CADOT dated 7/18/2014, recorded into the Official Records of the Clark County on 07/29/2014, is a communication to a third party of a false statement derogatory to Plaintiff's property title, made with malice causing special damages to the Plaintiffs claim of title. Further, recording the document purporting it to be a CADOT assigned from BANA is a false statement to a third party. Because, the CADOT was prepared by NSM using only its business address, does not contain BANA' business address which is a clear indication that it is single party transaction done by NSM to replace the initial recorded fraudulent ADOT naming Countrywide and non-party MERS as nominee. Furthermore, there is over a one year span between ADOT recorded on June 12, 2013 and the CADOT recorded on 07/29/2014 and therefore, the CADOT is a false statement, derogatory to Plaintiff' title to her property.

122. The NOD recorded into the Official Records of Clark County on 9/16/2014, by NDSC is a communication to a third party of a false statement derogatory to Plaintiff's property title, made with malice causing special damages to the Plaintiffs claim of title. Further, recording the document purporting it to be a NOD is a false statement to a third party. Because the NOD refers to Plaintiff' failure to fulfill an unpaid obligation, which is a malicious false statement and NDSC knew or should have known that the alleged unpaid obligation and default of the same is unequivocally non-existent.

123. The subsequent filing of the NOTS dated 12/24/2014, recorded into the Official Records of Clark County on 10/26/2014, the last paragraph states in part; *"The amount of the unpaid balance of the obligation......"* then it goes on to state the amount of **$316,994.16."** This is a communication to a third party of a false statement derogatory to Plaintiff' property title, made with malice causing special damages to the Plaintiff' claim of title.

124. The NOD is fatally defective rendering the Notice of Trustee Sale, which relies upon it fatally defective and both documents must be redacted from the Official Clark County Records. Additionally, the NOD and the NOTS fall directly within the ambit of the FDCPA 15 USC §1692 e, being that they are false, deceptive and misleading representations in connection with the collection of a non-existent debt that could not possibly be in default.

125. Plaintiff is informed and believes and thereon alleges that, the Affidavit of Authority to Exercise the Power of Sale, which is attached to the NOD, signed by Demetrice Person, NSM' assistant secretary, purporting to be Notarized by **Christina Journet** is highly questionable and notary fraud exists. NSM employee- **Jennifer Talbot** allegedly signed the recorded Nevada Declaration of Compliance. However, the signatures of **Jennifer Talbot** and **Christina Journet** are highly questionable, and there is notary and robo-fraud in those documents, due to the variations of their signatures on other documents signed by those individuals.

126. When a transfer of servicing or beneficiary occurs the recorded and notarized assignments are the very documents that the homeowners and courts rely upon to be accurate, true, correct and not misleading. But in this case they are highly questionable, false and misleading.

127. Regarding MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (MERS) being fraudulently named as Nominee for Countrywide Bank, FSB on NSM' initial ADOT, which was later replaced with a purported corrective CADOT, is still a false statement disparaging Plaintiff' title, regardless of whether or not it was later replaced

with a CORRECTIVE Corporate Assignment of Deed of Trust. It sat in the Official Clark County records for over one year disparaging Plaintiff' property Title, while Plaintiff repeatedly disputed Defendant NSM' claims and requested documented proof of the same, which to date, NSM has failed to provide her with.

128. The recorded CADOT" contains the false statement that NSM is Bank of America, NA' Attorney In Fact. However, when Plaintiff went to Clark County records on 3/3/2015 she found no record of a Power of Attorney naming NSM as BANA' Attorney In Fact, nor does she believe one exists. And this false statement has disparaged the Plaintiff' title.

129. NSM informed Plaintiff that Fannie Mae owns the Manzano loan. And according Fannie Mae' web site, Fannie Mae allegedly owns the Manzano loan. However, there is nothing in the official Clark County record to evidence Fannie Mae is the owner of the Manzano loan or when such ownership took place.

130. Plaintiffs has suffered financial stress, emotional stress, and special damages, resulting from Defendants malicious actions as Defendants had full knowledge that the alleged debt obligation had been discharged and they willfully elected to violate state and federal law, such is with intent.

131. Despite the Defendants knowledge that the debt was discharged, Defendants have not attempted to foreclose on Plaintiff property *in rem*, but in fact are attempting to foreclose on Plaintiff *in personam*, by declaring a default on a non-existent debt, as evidenced by the Exhibits attached hereto, which is also prima facie evidence that Defendants have violated both federal and state law, namely the FDCPA.

132. Recording the document purporting to be a **"Notice of Default and Election to Sell under Deed of Trust" dated 9/15/2014** is by definition a statement to a third party. The statement that **"a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of**: is a false statement, and that false statement is derogatory to Plaintiff's title, and that false statement was done with malice, and for Defendants to improperly make the following false statement; **"Said obligation including ONE NOTE FOR THE ORIGINAL sum of $216,000.00."** is a false statement, and Defendants knew or should have known that the statements on their documents are false, and Defendants acted with reckless disregard of the truth or accuracy of those statements that are now a matter of public record, for the world to see.

133. Each of the false statements that defendants have recorded in the official Clark County Record are communications to a third party, of a false statement, derogatory to Plaintiff' title, made with malicious intent, because Defendants were aware of the legal status of the non-existent debt, thereby causing Plaintiff special damages to her claim of Title. Because she now has to incur additional expenses to litigate this case and rectify the title to her property.

134. Upon Plaintiffs information and belief, The foregoing actions of Defendants have not only disparaged the Title to Plaintiffs property, it has also humiliated and embarrassed her, the result of which has caused her the loss of potential income which is a special damage, because Plaintiff had to return the money she was given for the rental of a room in her home, due to the pending foreclosure on her property. The slander of title will most certainly caution other potential renters and prevent Plaintiff the right to rent out a room and/or other space in her home.

135. Plaintiff pays the costs for the entire upkeep of the property and has fully and independently financed the costs to restore/refurbish and upgrade the property, for the purpose of keeping the property a safe and clean environment and to maintain its fair market value for prospective buyers. However, Defendants are preventing her from exercising her unalienable rights to a prospective sale of her property by disparaging the Title to the property in the public record for the world to see. Plaintiff would suffer extensive financial damages for the many costs she has incurred to restore and maintain the upkeep of the property, if Defendants were allowed to foreclose based on their malicious communications, fabricated paperwork and generic hearsay Affidavits signed and Notarized by their own employees.

136. Plaintiff suffered from a deadly illness which began in latter 2013 and was totally disabled for about six (6) months in 2014, as Plaintiff is working to recover her health the Defendants foregoing actions are continuously causing her an enormous amount of emotional stress and anxiety, the result of which is damaging to her health and wellness.

137. Plaintiff has also suffered credit disparagement resulting in the loss of personal financial opportunities as a direct and proximate result of Defendant's slandering false statements and attempts to foreclose a debt which is not owed by Plaintiff because no default or debt exists.

138. Plaintiff is informed and believes and thereon alleged that each and every recorded document alleged herein, upon which relate to a breach and default Plaintiff of the subject property was falsely created, is void and is a nullity. Plaintiff is further informed and believes and thereon alleged that Defendants, NDSC the alleged Trustee for NSM both acted outside the scope of NRS 107.080 and are not entitled to the protections thereof.

139. And Defendants have left Plaintiff no choice but to file this case and seek judicial interference in order that she may reverse the negative effects of the false slandering statements on her property title. To date, this matter has caused Plaintiff, and continues to cause her financial stress, emotional stress and special damages.

**WHEREFORE**, The Plaintiff requests this Honorable Court to enter its judgment against each Defendant declaring the Deed of Trust recorded at the Clark County Recorder, null and void; cancelling the Deed of Trust on record against Defendants and each person/persons claiming under Defendants; and granting Plaintiff her costs of this action and such other relief as the Court may deem proper.

## COUNT IV
### VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA), 12 U.S.C. §2605 BY DEFENDANT BANK OF AMERICA, N.A.

140. Paragraphs 1 through 33 are realleged as though fully set forth herein.

141. BANA is a servicer of federally related mortgage loans within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §2605.

142. BANA' violations of RESPA are within the three year statute of limitations as defined in 12 U.S.C. § 2614.

17

143. BANA as former servicer of the Manzano loan has "failed to fulfill the preconditions set forth in sec. 20 of the Deed of Trust by failing to provide proper notice to Plaintiff. Specifically, BANA' initial ADOT and/or corrective CADOT to NSM, is inconsistent with paragraph 20 of the deed of trust, which is a conditions precedent of the DOT. Section 20 explicitly provides as follows:

**Section 20. Sale of Note; Change of Loan Servicer; Notice of Greivance**.

The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times "**without prior notice**" to Borrower........... (Emphasis added)

144. The word **"prior"** does not mean never. And to date, BANA has never provided notice to Plaintiff that a Change of Loan servicer and/or transfer of the Deed of Trust was to or had taken place in April of 2013, as required per section 20 of the covenants. BANA failed to adhere to the conditions precedent, section 20 of the DOT, which is a material Breach of the Explicit Covenants in the DOT and a violation of RESPA 12 USC Sec. 2605 (b)(1)(2), which specifically provides as follows;

Sec. 2605. **Servicing of mortgage loans and administration of escrow accounts**

(b) Notice by transferor of loan servicing at time of transfer

(1) **Notice requirement:** Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

(2) **Time of notice:** Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

   **WHEREFORE**, Plaintiff demands judgment against BANA for failure to provide notice of the transfer and assignment, for actual, treble and/or punitive damages, costs incurred and attorney's fees if applicable, pursuant to 12 U.S.C. §§ 2605(f)(1), 2605 (f)(3),
along with any other and further relief as the court deems just and proper, pursuant to12 U.S.C. §2605.

## PRAYER FOR RELIEF

1. Plaintiff incorporates all preceding paragraphs as fully set forth herein.

2. Plaintiff respectfully prays that this court will enter judgment as follows;

  (a) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000, against each Defendant for its violations of the FDCPA,

  (b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1681n, in the amount of $1,000, against Defendant NSM for each of its violations of the FCRA.

  (c) Awarding Plaintiff any actual and statutory damages, pursuant to to12 U.S.C. §2605 of RESPA.

18

(d) For compensatory and punitive damages in an amount to be determined at trial;

(e) Awarding Plaintiff costs and fees incurred in the filing of this action, and attorneys fees, if applicable;

(f) Prohibit Defendants from continuing the course of conduct alleged herein as violating the FDCPA, FCRA and RESPA and Nevada Revised Statutes.

(g) Declare that Deed of Trust dated October 25, 2007 as unenforceable to satify the Debt evidenced by the Note as that Debt no longer exists by discharge of same;

(h) Declare that Plaintiff Jacqueline Manzano is the owner of the subject Property with rights to possession;

(i) Declare that the Corporate Assignments of Deed of Trust dated July 18, 2014 void;

(j) Declare that the Notice of Default dated September 15, 2014 void; and

(k) Awarding Plaintiff injunctive relief for each cause of action in this case.

(l) Award such further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this _19 TH_ day of May, 2015

By _____

Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

## VERIFICATION

I, the undersigned, am over the age of 18 and competent to certify that the above statements are true, correct, complete and not misleading, to the best of my knowledge, except those statements that are based upon information and belief. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Respectfully submitted this _19TH_ day of May, 2015

By, _Jacqueline Manzano_
Jacqueline Manzano,
1951 Corvette St.
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

20

Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

## UNITED STATES DISTRICT COURT
## CLARK COUNTY, NEVADA

JACQUELINE MANZANO,

             Plaintiff,

             -vs-

NATIONAL DEFAULT SERVICING

CORPORATION, BANK OF AMERICA,

NA and NATIONSTAR MORTGAGE, LLC,

dba  NSM RECOVERY SERVICES, INC

             Defendant(s).

CASE NO.

**NOTICE OF DISPUTE**

## NOTICE OF DISPUTE

Plaintiff, Jacqueline Manzano, pursuant to 15 USC 1692g(b), give notice that:

1. Plaintiff is not in default and the debt is disputed.
2. The Plaintiff requests verification of the debt.
3. The Plaintiff requests the name of the true party in interest.
4. The Plaintiff requests validation of the debt, to wit, the <u>chain of title</u> to the alleged debt and a history of charges and payments thereon.

Respectfully submitted this *19 TH* day of May, 2015

By _____

Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142
702-788-0599
*Plaintiff in proper person*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23          ( BANA )
24
25        EXHIBIT A
26
27
28

**CERTIFIED MAIL #**    7010 2780 0003 7087 4477

December 27th, 2012

Jacqueline Manzano
1951 Corvette Street
Las Vegas, Nevada 89142

Bank of America N.A.
P.O. BOX 940335
Simi Valley, California 93094-033

RE: Account # 18166688

## NOTICE OF DISPUTE
### PLEASE VALIDATE THE DEBT

Dear Collection Department,

*SEASONS GREETINGS*

I am in receipt of your letter dated December 27, 2012. As stated in my previous communication, I dispute the alleged debt in its entirety. The fact of the matter is; I never took out a home Loan with your corporation.

Your references regarding, **Standing** and **Account Status as of November 26, 2012, and December 13, 2012** is rather misleading and confusing and I disagree with your assertions entirely, including the attached computer generated copies.
The alleged consumer debt you are attempting to collect was discharged in bankruptcy on July 7th, 2011. Additionally, to my knowledge, the alleged consumer debt in question no longer exists.
Please understand that I require strict proof, that I am financially obligated to your corporation.

Thank you for attention to these matters.

Respectfully, *Jacqueline Manzano*

U.S. Postal Service
**CERTIFIED MAIL    RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

SIMI VALLEY CA 93094

| | | |
|---|---|---|
| Postage | $ | $0.45 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.40 |

12/28/2012

Sent To
B of A

Street, Apt. No.; or PO Box No.
P.O. Box 940335

City, State, ZIP+4
SIMI Valley CA

USPS.com® - USPS Tracking™

English    Customer Service    USPS Mobile

Register / Sign In

# USPS.COM

Search USPS.com or Track Packages    Subr

Quick Tools        Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

## USPS Tracking™

**Customer Service**
Have questions? We're here to help.

Tracking Number: 70102780000370874477

**Expected Delivery Day:** Monday, December 31, 2012

## Product & Tracking Information

Postal Product:                Features:
First-Class Mail®              Certified Mail™

Available Actions

Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| January 2, 2013 , 10:07 am | Delivered | SIMI VALLEY, CA 93065 |

Your item was delivered at 10:07 am on January 2, 2013 in SIMI VALLEY, CA 93065.

| | | |
|---|---|---|
| January 2, 2013 , 9:54 am | Notice Left | SIMI VALLEY, CA 93094 |
| December 31, 2012 , 12:09 am | Departed USPS Facility | GOLETA, CA 93199 |
| December 29, 2012 , 10:53 pm | Arrived at USPS Origin Facility | GOLETA, CA 93199 |
| December 28, 2012 , 9:19 pm | Departed Post Office | LAS VEGAS, NV 89104 |
| December 28, 2012 , 3:03 pm | Acceptance | LAS VEGAS, NV 89104 |

## Track Another Package

Tracking (or receipt) number

Track It

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›
National Postal Museum ›

USPS.COM  |  Copyright© 2014 USPS. All Rights Reserved.



**Bank of America**

**Home Loans**

P. O. Box 940335
Simi Valley, CA  93094-0335



C3_4098_PREFCL14 15351 10/01/2012

AT1              -772-60516-0002458-001-1-000-000-000-000

**MORTGAGOR(s):** JACQUELINE MANZANO
1951 CORVETTE ST
LAS VEGAS, NV 89142-1707

**Notice Date:**       November 27, 2012

**Account No.:**       181666885

**Property Address:**
1951 Corvette St
Las Vegas, NV  89142-1707

Dear JACQUELINE MANZANO:

You are receiving this notice because your mortgage is in default, and your property will be referred to foreclosure. Bank of America, N.A. is required to notify you of the following:

**1.  Standing:**

Bank of America, N.A. services the mortgage loan on your property located at the address referenced above.  You signed and executed a promissory note secured by a mortgage or deed of trust ("the security instrument") in which you agreed to repay your debt at agreed upon terms.  Because you have not fulfilled the terms of this agreement, Bank of America, N.A. intends to initiate foreclosure action on the mortgaged property.  The foreclosure will be conducted in the name of: BANK OF AMERICA, N.A. ("Noteholder").

Noteholder, directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Noteholder or has been duly endorsed.  Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

**2.  Account Status as of November 26, 2012:**

    **A.**  The total amount needed to reinstate or to bring the account current is $80,284.32.  Please note this amount is subject to change.  Please call us for the most current amount.

    **B.**  The amount of the principal obligation under the mortgage is $213,780.64.

    **C.**  The date through which the account is paid is December 1, 2008.

    **D.**  The date of the last full payment was December 1, 2008.

    **E.**  The current interest rate in effect for the loan is 7.375.

    **F.**  The date on which the interest rate may next reset or adjust is Not Applicable.

    **G.**  The amount of any prepayment fee (not included in the reinstatement amount) to be charged if any is Not Applicable.

    **H.**  The amount of late payment fees included in the above reinstatement amount is $223.77.

This communication is from Bank of America, N.A., the servicer of your home loan.

**3.  Availability of Loss Mitigation Options:**

Unless you have directed us not to contact you, Bank of America, N.A. has made good faith efforts to contact you by telephone and/or mail to review your eligibility for alternatives to foreclosure.  According to our records, with respect to this event of default:

We have been unable to contact you or we have not yet received a complete initial package / borrower response package from you to consider you for a loan modification.

If your circumstances have changed, if you believe that your application for a modification was denied in error, or if you would like to discuss alternatives to foreclosure including a loan modification, please contact us immediately at 1-888-325-5340, Monday-Friday 7a.m. - 7p.m. Local Time.

**4.  Borrowers Responsibilities:**

    **A.**  If you continue to occupy the property, you have the responsibility to maintain the property and an obligation to continue paying taxes owed until a sale or title transfer occurs.

    **B.**  If you wish to surrender the property, you must contact Bank of America, N.A. to discuss alternatives to foreclosure under which you may, if eligible, surrender the property to Bank of America, N.A. in exchange for compensation.

**5.  Additional Account Information:**

Upon written request, you are entitled to the following information:

    **A.**  A copy of your payment history from the period the mortgage loan was last less than 60 days delinquent to present.

    **B.**  A copy of the promissory note or lost note affidavit where applicable.

    **C.**  The name of the current investor that holds the loan.

    **D.**  If we have initiated foreclosure or filed a Proof of Claim, you may obtain copies of any assignments of mortgage or deed of trust required to demonstrate our right to foreclose under applicable state law.

Submit a written request to:
Bank of America, N.A.
P. O. Box 940335
Simi Valley, CA  93094-0335

We understand that this may be a difficult time for you and that you may have questions about the foreclosure process.  If you have questions, or to obtain information regarding your mortgage, please call us at 1-888-325-5340, Monday-Friday 7a.m. - 7p.m. Local Time.

Bank of America, N.A. also offers homeownership counseling services to borrowers in some areas.  Counseling is also available through a variety of nonprofit organizations that are approved by the Secretary of Housing and Urban Development (HUD) and experienced in homeownership counseling.  A listing of these organizations may be obtained by calling HUD toll-free at 1.800.569.4287 or by visiting www.hud.gov.

Bank of America, N.A.
Home Loan Team

## IMPORTANT DISCLOSURES

**BK Statement:**
If you are currently in a bankruptcy proceeding, or have previously obtained a discharge of this debt under applicable bankruptcy law, this notice is for information only and is not an attempt to collect the debt, a demand for payment, or an attempt to impose personal liability for that debt. You are not obligated to discuss your home loan with us or to enter into a loan modification or other loan-assistance program. You should consult with your bankruptcy attorney or other advisor about your legal rights and options.

**SCRA Disclosure:**
**MILITARY PERSONNEL/SERVICEMEMBERS:** If you or your spouse is a member of the military, please contact us immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief. For additional information and to determine eligibility please contact our Military Assistance Team toll free at 1.877.430.5434. If you are calling from outside the U.S. please contact us at 1.817.685.6491.

**Mini Miranda (all):-**
Bank of America, N.A., the servicer of your home loan, is required by law to inform you that this communication is from a debt collector.



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**( NSM )**

**EXHIBIT B**



PO Box 650783
Dallas, Texas 75265
www.MyNationstarMtg.com

April 13, 2013

1-692-72135-0967702-014-01-010-000-000-000



JACQUELINE MANZANO
1951 CORVETTE ST
LAS VEGAS NV 89142-1707

**The servicing of your account
has been transferred from BANK
OF AMERICA to
Nationstar Mortgage**

Re: Previous Loan Number 000000181666885
New Nationstar Loan Number 0607760535

Dear JACQUELINE MANZANO:

Welcome to Nationstar Mortgage! Effective 04/01/13, Nationstar Mortgage is now the servicer for your mortgage account. We're excited about the opportunity to serve you. You can count on Nationstar Mortgage to meet your needs whether you're looking to make a payment or refinance your loan. We offer many exciting features including 24-hour account access through our Internet website at www.MyNationstarMtg.com, various payment options, and a toll free line (1-877-782-7612) with automated account information. Please take a little time to log in to www.MyNationstarMtg.com to register your account today. You will be receiving a "Welcome Call" sometime over the next few weeks to welcome you to our company and to answer any immediate questions you may have.

Every month you will receive a billing statement detailing your loan information, payment amount, and important messages. To ensure accuracy, please verify the following personal information:

**PERSONAL INFORMATION**
Home Phone Number: 702-431-4942
Work Phone Number: 702-372-2087
Mailing Address:         1951 CORVETTE ST
                         LAS VEGAS NV 89142-1707

**LOAN INFORMATION**
Property Address: 1951 CORVETTE ST
                  LAS VEGAS NV 89142

If you find any of the information listed above to be incorrect, please contact us immediately at 1-877-782-7612.

Please review all the material included with this Welcome Packet for additional information and important messages about your account.

At Nationstar Mortgage, your business and total satisfaction is important. Any time you have questions regarding your account, your Assigned Foreclosure Prevention Specialist is Andrew Kempe and can be reached at (877) 782-7612 EXT. 3165416, 8:00 a.m. to 5:00 p.m. central time Monday through Friday or mail your questions to:

Nationstar Mortgage LLC
Attn: Bankruptcy Department
350 Highland Drive
Lewisville, TX 75067

We look forward to a long and lasting relationship with you.

Sincerely,

Nationstar Mortgage

*Please be advised that the information contained in this letter is being sent for informational purposes, and should not be considered as an attempt to collect a debt.*

Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142

MAY 14, 2013

Nationstar Mortgage
P O BOX 650783
Dallas, Texas 75265

Nationstar Loan # 0607760535

Dear Sir or Madam,

I am in receipt of your notice dated April 13, 2013 and your statement dated April 19, 2013.

I dispute the alleged debt in its entirety.

Due to the fact you are unknown to me and that I have no prior or current business relationship with you, I am requesting that you provide validation of your claim. Please provide documentation of your authority in this matter.

Thanking you in advance for your cooperation.

Respectfully, Jacqueline Manzano

Certified Mail #    7010 2780 0003 7087 4750

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ $0.46 | 0012 |
| Certified Fee | $3.10 | 07 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.56 | 05/15/2013 |

Sent To: NATIONSTAR
Street, Apt. No.; or PO Box No. BOX 650783
City, State, ZIP+4 DALLAS TX 75265

PS.com® - USPS Tracking™

English    Customer Service    USPS Mobile                                      Register / Sign In

# USPS.COM

Search USPS.com or Track Packages    Subr

Quick Tools          Ship a Package      Send Mail      Manage Your Mail      Shop      Business Solutions

## USPS Tracking™

Customer Service ›
Have questions? We're here to help.

Tracking Number: 70102780000370874760

Expected Delivery Day: Saturday, May 18, 2013

## Product & Tracking Information                Available Actions

Postal Product:          Features:                      Return Receipt After Mailing
First-Class Mail®        Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| May 17, 2013 , 4:04 am | Delivered | DALLAS, TX 75266 |

Your item was delivered at 4:04 am on May 17, 2013 in DALLAS, TX 75266.

| | | |
|---|---|---|
| May 17, 2013 , 3:17 am | Arrived at Unit | DALLAS, TX 75260 |
| May 16, 2013 , 11:30 pm | Arrived at USPS Facility | DALLAS, TX 75260 |
| May 16, 2013 , 3:23 am | Departed USPS Facility | LAS VEGAS, NV 89199 |
| May 15, 2013 , 9:22 pm | Arrived at USPS Origin Facility | LAS VEGAS, NV 89199 |
| May 15, 2013 , 4:13 pm | Departed Post Office | LAS VEGAS, NV 89104 |
| May 15, 2013 , 1:25 pm | Acceptance | LAS VEGAS, NV 89104 |

## Track Another Package

Tracking (or receipt) number

[                                        ]          Track It

LEGAL                    ON USPS.COM                      ON ABOUT.USPS.COM              OTHER USPS SITES
Privacy Policy ›         Government Services ›            About USPS Home ›              Business Customer Gateway ›
Terms of Use ›           Buy Stamps & Shop ›              Newsroom ›                     Postal Inspectors ›
FOIA ›                   Print a Label with Postage ›     USPS Service Alerts ›          Inspector General ›
No FEAR Act EEO Data ›   Customer Service ›               Forms & Publications ›         Postal Explorer ›
                         Delivering Solutions to the Last Mile ›   Careers ›            National Postal Museum ›
                         Site Index ›

USPS.COM   |   Copyright© 2014 USPS. All Rights Reserved.

CERTIFIED MAIL # 7010 3090 0002 6868 9375

Jacqueline Manzano
1951 Corvette St.
Las Vegas, Nevada 89142

September 20th, 2014

NATIONSTAR MORTGAGE, LLC
350 Highland Drive
Lewisville, Texas 95067

RE: Unauthorized Inquiry FCRA §1681b

Dear Sir or Madam,

     A recent review of my Transunion credit report shows an inquiry made by NSM on 04/11/2014. I dispute the unauthorized inquiry in its entirety.

     Please explain why you have performed the inquiry on my Transunion credit report as I have not entered into a transaction with NSM and no business relationship exists between me and NSM. Lastly, I did not give NSM my written, express or implied authorization to obtain my Transunion credit file.

     Thank you for your cooperation in this matter.

With respect,

Jacqueline Manzano


ATTACHMENTS: Copy of my redacted Transunion credit report

7010 3090 0002 6868 9375

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 09/20/2014 |

Nationstar Mortgage
350 Highland Drive
Lewisville, Texas 75067

PS Form 3800, August 2006

English    Customer Service    USPS Mobile                    Register / Sign In

**USPS.COM**

# USPS Tracking™

Customer Service ›
Have questions? We're here to help.

Tracking Number: 70103090000268689375

Updated Delivery Day: Friday, September 26, 2014

## Product & Tracking Information

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

### Available Actions

Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| September 25, 2014 , 10:50 am | Delivered | LEWISVILLE, TX 75067 |

Your item was delivered at 10:50 am on September 25, 2014 in LEWISVILLE, TX 75067.

| | | |
|---|---|---|
| September 25, 2014 , 10:29 am | Out for Delivery | LEWISVILLE, TX 75067 |
| September 25, 2014 , 10:19 am | Sorting Complete | LEWISVILLE, TX 75067 |
| September 25, 2014 , 10:10 am | Arrived at Unit | LEWISVILLE, TX 75067 |
| September 24, 2014 , 11:10 pm | Departed USPS Facility | COPPELL, TX 75099 |
| September 24, 2014 , 10:32 pm | Arrived at USPS Facility | COPPELL, TX 75099 |
| September 20, 2014 , 16:05 pm | Departed USPS Facility | LAS VEGAS, NV 89199 |
| September 20, 2014 , 7:07 pm | Arrived at USPS Origin Facility | LAS VEGAS, NV 89199 |
| September 20, 2014 , 2:00 pm | Acceptance | LAS VEGAS, NV 89142 |

## Track Another Package

Tracking (or receipt) number

Track It

Certified Mail: 7010 3090 0002 6869 1712

**JACQUELINE MANZANO**
1951 Corvette Street
Las Vegas, NV 89142
**October, 1, 2014**

Legal / Debt Validation
Nationstar Mortgage LLC
350 Highland Drive
Lewisville, TX 75067

RE:   Nationstar Reference      NSM-06-14-62556
      Mortgagor                 Jacqueline Manzano
      Property Address          1951 Corvette St, Las Vegas, NV 89142
      Loan Number               0607760535
      NDSC Number               18-00663-NS-NV

### SUPPLEMENTAL / RENEWED REQUEST FOR DEBT VALIDATION

Dear Madam or Sir,

### *Background*

You responded to my requests for debt validation in the past, but did not do so meaningfully.

When viewing all of your FDCPA responses together with all of your UCC responses it is clear your claim against my note fails.

Your collective responses appear to be a failure or refusal to proffer any verifiable documentary evidence which shows that you, your agents, or principal have the right to declare a default, initiate, or consummate an enforcement action.

Viewed either together or individually, the responses do not show you have met the threshold to 'collect' or 'enforce.' Even though the two bodies of law are distinct, the two work in accord and are inextricable.

### *It is my contention*

The only way you can verify/validate your collection or enforcement effort is to show that you or your client, "the note holder," received 100% of the rights via negotiation and transfer.

**Certified Mail: 7010 3090 0002 6869 1712**

If you cannot fulfill this simple request meaningfully, you do not have a verifiable claim.

I believe the UCC and FDCPA are incapable of being disentangled or untied. After all, how can you collect a debt that you cannot show you have a right to enforce?

If you cannot show that you, your client or principal is a rightful holder of the note under the UCC, it is indicative you are actively violating 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of a debt.

### My Heightened Request for Validation of the Debt

The foregoing is why I am demanding you provide non-conflictive evidence to show your claim is valid under the FDCPA 15 U.S.C. §1692 et. seq. and the NRS § 104.1101 et seq.

### In Closing

I acknowledge you may respond that you are engaged in an in rem action. However you still have to show you are entitled to enforce before you can force the sale of collateral. The bankruptcy court discharged my obligation but did not make any specific finding of fact that the "creditor" was any more than a servicer, little less, a valid holder with 100% of the rights in my note.

Respectfully,

Jacqueline Manzano

7010 3090 0002 6869 1712

**U.S. Postal Service**
**CERTIFIED MAIL₌ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com₌

| | | |
|---|---|---|
| Postage | $ $0.49 | 0012 |
| Certified Fee | $3.30 | 13 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $3.79 | 10/02/2014 |

Sent To
NATIONSTAR MORT. LLC
350 HIGHLAND DRIVE
Lewisville, TX 75067

USPS.com® - USPS Tracking™

English    Customer Service    USPS Mobile                    Register / Sign In

# ☒USPS.COM™

## USPS Tracking™

✉ **Customer Service ›**
Have questions? We're here to help.

Tracking Number: 70103090000258681712

Updated Delivery Day: Tuesday, October 7, 2014

### Product & Tracking Information

**Available Actions**

Return Receipt After Mailing

Postal Product:
First-Class Mail®

Features:
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 6, 2014 , 10:56 am | Delivered | LEWISVILLE, TX 75067 |

Your item was delivered at 10:56 am on October 6, 2014 in LEWISVILLE, TX 75067.

| | | |
|---|---|---|
| October 6, 2014 , 10:41 am | Arrived at Unit | LEWISVILLE, TX 75067 |
| October 5, 2014 , 9:40 pm | Departed USPS Facility | COPPELL, TX 75099 |
| October 4, 2014 , 10:05 pm | Arrived at USPS Facility | COPPELL, TX 75099 |
| October 3, 2014 , 12:37 am | Departed USPS Facility | LAS VEGAS, NV 89199 |
| October 2, 2014 , 7:47 pm | Arrived at USPS Origin Facility | LAS VEGAS, NV 89199 |
| October 2, 2014 , 5:12 pm | Departed Post Office | LAS VEGAS, NV 89104 |
| October 2, 2014 , 1:31 pm | Acceptance | LAS VEGAS, NV 89104 |

## Track Another Package

Tracking (or receipt) number

[                    ]    Track It

HELPFUL LINKS
Contact Us
Site Index
FAQs

ON ABOUT.USPS.COM
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER USPS SITES
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

LEGAL INFORMATION
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2015 USPS. All Rights Reserved.



**MyNationstar.com**  |  350 Highland Drive  |  Lewisville, TX 75067

12/24/2014



0-692-11543-0053814-011-1-000-000-000-000
JACQUELINE MANZANO
1951 CORVETTE ST
LAS VEGAS NV  89142-1707

- Your loan is currently in the Foreclosure process.
- Your loan is currently 2182 days past due.
- Please contact us at (877) 782-7612 EXT. 5492488

RE:  Loan Number:  0607760535
Property Address:
1951 CORVETTE ST
LAS VEGAS, NV 89142

Dear Jacqueline Manzano:

At Nationstar Mortgage, we're committed to helping homeowners find solutions that could help them stay in their home and continue enjoying all the benefits of homeownership. Even in times of difficulties.

**Why am I receiving this letter?**
Your mortgage payment is currently past due. As of 12/22/2014, you are 2182 days behind on your payment and we have completed the first filing notice required to start the foreclosure process on your account. Here is a recent payment history, and the reason for our concern.

*Recent Account History:*

- Payment due  07/01/2014:    Unpaid balance of $1,686.55
- Payment due  08/01/2014:    Unpaid balance of $1,686.55
- Payment due  09/01/2014:    Unpaid balance of $1,686.55
- Payment due  10/01/2014:    Unpaid balance of $1,686.55
- Payment due  11/01/2014:    Unpaid balance of $1,686.55
- Payment due  12/01/2014:    Unpaid balance of $1,686.55
- Current payment due 01/01/2015: $1,634.37

**Total: $120,700.93 due.  You must pay this amount to bring your loan current.**

**What do I need to know?**
Failure to bring your loan current may result in fees, possibly even foreclosure and the loss of your home. We are here to help. You do have options.*  Here are some of the solutions that might be available, depending on your situation:

- Modifying the terms of your current loan.
- Receiving a payment forbearance that temporarily gives you more time to pay your monthly payment.
- If you simply can't pay your mortgage, an alternative to foreclosure may be selling your home and using the proceeds to pay off your current loan. A short payoff may be acceptable, or a deed in lieu of foreclosure may be an option.

Additional resources are also available. For extra help, you can reach out to housing counselors who'll work as your advocate while exploring solutions that could help you keep your home.

- The Consumer Financial Protection Bureau: http://www.consumerfinance.gov/mortgagehelp
- The Department of Housing and Urban Development (HUD): http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm
- HUD Housing Counseling Agency Locator: (800) 569-4287

**What do I need to do?**

The sooner we hear from you, the sooner we can help get your homeownership back on track.  If you've already reached out for help, don't worry, that process is still proceeding and no further action is required.

If you have any questions, your Dedicated Loan Specialist is William Line and can be reached at  (877) 782-7612 EXT. 5492488 or via mail at the address listed above. Our hours of operation are 8am to 8pm (CT), Monday through Thursday, 8am to 6pm (CT), Friday, and 8am to 2pm (CT) on Saturday.

Sincerely,

Nationstar Mortgage LLC
Loss Mitigation Department

*Borrower must meet certain requirements to qualify for any of the options/products referenced.  Terms are subject to change.

Nationstar is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you are currently in bankruptcy or have received a discharge in bankruptcy, this communication is not an attempt to collect a debt from you personally to the extent that it is included in your bankruptcy or has been discharged, but is provided for informational purposes only.



45DLQPCSV1214

# **MORTGAGE PAYOFF STATEMENT**



## Nationstar
### MORTGAGE

RETURN SERVICE ONLY
PLEASE DO NOT SEND MAIL TO THIS ADDRESS
P.O. Box 619063
DALLAS, TX 75261-9063

### CONTACT INFORMATION

**Customer Service: 1-888-480-2432**
Monday - Thursday: 8:00 a.m. - 8 p.m. CST
Friday: 8:00 a.m. - 6 p.m. CST
**www.MyNationstarMtg.com**

1-692-11439-0000158-001-1-000-000-000-000

JACQUELINE  MANZANO
1951 CORVETTE ST
LAS VEGAS NV 89142

| | |
|---|---|
| Statement Date: | 12/23/2014 |
| Payment Due Date: | 01/01/2009 |
| Loan Number: | 0607760535 |
| Loan Type: | CONV |
| Investor Number: | ATJ |

Property
Address:
JACQUELINE MANZANO
1951 CORVETTE ST
LAS VEGAS NV 89142

Recipient Fax:
Recipient Email:
Third Party Email:

### QUOTE CALCULATION DETAIL

| | |
|---|---|
| Current Unpaid Principal Balance: | $213,780.64 |
| (at annual interest rate of 7.375%) | |
| Interest calculated from **12/01/2008** to **12/31/2014** | $95,893.78 |
| Late Fees | $74.59 |
| Deferred Late Fees | $223.77 |
| Lender Paid Expenses | $5,430.33 |
| Escrow Advances | $10,177.12 |
| Legal Fees | $1,738.75 |
| County Recording Fee | $21.00 |

### SUM AS OF QUOTE DATE

| | |
|---|---|
| Principal and Interest | $1,491.86 |
| Escrow Payment | $142.51 |
| **Monthly Mortgage Payment** | **$1,634.37** |
| | |
| Escrow Balance* | |
| Suspense Balance** | |
| Daily Interest Per Diem | $43.80 |

*Escrow balance cannot be used as credit toward payoff. Escrow Balance is subject
to change and may not be used towards the payoff of the loan unless written
authorization from mortgagor(s) is received.

**Suspense balance is subject to change.

### PROJECTED ESTIMATED DISBURSEMENTS

| Estimated Disbursements | Due Date | Amount |
|---|---|---|
| HAZARD SFR 100 | 09/27/2015 | $969.00 |
| COUNTY TAX 100 | 03/20/2015 | $154.54 |

| | |
|---|---|
| **Total Amount to Pay Loan in Full**
**(through 12/31/2014)** | **$327,339.98** |

We will continue to make disbursements of all escrow items (hazard, flood,
PMI/MIP, taxes, etc.) up to the date of payoff.  It is the responsibility of the
borrower(s) and their closing agent to obtain a refund should a double payment
occur.

Continue to make scheduled payments, if payoff is received after 12/31/2014 or a payment has not been made, a late charge may be assessed and should be added to
the payoff amount due.  Do not stop payment on any payments remitted prior to your payoff closing date.  If any payment previously applied to this account is returned or
dishonored for any reason, the payoff amount will be insufficient.

Total amount due is good through **12/31/2014**. Funds received after that date or funds that cannot be posted due to missing or incorrect information will require an additional
$43.80 of interest per day.  Funds that cannot be clearly identified will be returned and additional fees, costs and disbursements will continue to accrue.

### PAYMENT INSTRUCTIONS

**WIRING INSTRUCTIONS:**

Account #:  4059000060776O535
ABA/Routing Number: 121000248
Bank Name: Wells Fargo Bank, N.A.
Bank Address: 420 Montgomery Street, San Francisco, CA 94104

**CASHIERS CHECKS* VIA MAIL/OVERNIGHT:**

Cashiers Checks* must be made payable to
**Nationstar Mortgage** and mailed to:
Nationstar Mortgage LLC
ATTN: Account Services
350 Highland Drive
Lewisville, TX 75067
*Customer Name, Loan Number, and Property Address should be
provided on all cashier's checks and correspondence

### IMPORTANT NOTICES

**PAYOFF FUNDS MUST BE REMITTED VIA WIRE TRANSFER OR CASHIER'S CHECK ONLY**

We do not accept personal checks, third party checks, attorney/trustee checks, money orders, ach/arc entries, direct deposit, internal bank-to-bank adjustments or other
negotiable instruments.  Check instruments stamped with verbiage "certified funds" do not suffice.  Any payoff proceeds received that are not in the form of a cashier's check or
wire will be returned to the sender. Additional fees, costs, disbursements and interest may accrue.

692-2074-1212F



MyNationstar.com | 350 Highland Drive | Lewisville, TX 75067

> - **Prior notice dated 12/22/2014 can be disregarded**
> - **No further action is required on your account at this time**

January 14, 2015

JACQUELINE  MANZANO
1951 CORVETTE ST
LAS VEGAS, NV  89142

RE:   Loan Number: 0607760535
Property Address:  1951 CORVETTE ST
LAS VEGAS, NV 89142

Dear JACQUELINE MANZANO :

**Why am I receiving this letter?**
We sent a letter to you dated 12/22/2014 identifying the total amount due needed to bring your loan current, avoid foreclosure proceedings, and how to contact us for assistance. The letter was sent to you in error.

**What do I need to know?**
The letter was intended to solely provide information regarding the loan status and was not intended to seek payment or attempt to collect a debt from you personally.  Since the loan has been discharged in a bankruptcy proceeding, that letter can be disregarded.

**What do I need to do?**
No action is required on your part.  We're sorry for any confusion the prior letter may have caused.

If you have any questions, please call our Customer Service Department at 888-480-2432. Our hours of operation are 8am to 8pm (CT), Monday through Thursday, 8am to 6pm (CT), Friday, and 8am to 2pm (CT) on Saturday.

Thank you for doing business with Nationstar. We appreciate the opportunity to service your mortgage loan.

Sincerely,

Nationstar Mortgage LLC
Customer Service Department

*Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U. S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you;  however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this correspondence shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.*



R45DLQPCSN0115

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**( NSM )**

**EXHIBIT C**

June 19, 2013                    Certified Mail: ___7010 2780 0003 7087 4651___

> **DO NOT MISTAKE THIS FOR A GENERIC QWR OR CONSUMER PROTECTION LETTER SUCH AS A REQUEST FOR VALIDATION OR FDCPA DISPUTE.**
>
> When You respond to this letter, please designate that You are specifically responding to this letter designated:
> **2013-06-19-B.**
>
> Number Your responses to the individual paragraphs below so that I can tell which requests You are fulfilling, ignoring, or refusing.

Jacqueline Manzano
1951 Corvette St
Las Vegas, NV 89142

Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75067

|  |  |
|---|---|
| Homeowner: | Jacqueline Manzano |
| Property Address: | 1951 Corvette St, Las Vegas, NV 89142 |
| Previous Loan Number: | 000000181666885 |
| Current Loan Number: | 0607760535 |
| NDSC Number: | 13-00663-NS-NV |

Dear Madam or Sir,

You with others have threatened to foreclose on my home without authority under the Nevada Statutes, Title 8, Commercial Instruments and Transactions, Chapter 104, Uniform Commercial Code Original Articles, NRS § 104.1101 et seq.

During the foreclosure process, you acted as the agent of the note holder or as the note holder. You and/or the alleged note holder, servicers, and/or other agents have sent documents to me such as notices of intent to accelerate, a notice of default and/or sale and made references to a default.

On May 20, 2013 I received a Statement from Nationstar Mortgage advising, *"Your Assigned Foreclosure Prevention Specialist is Robert Holmes and can be reached at (877) 782-7612 EXT. 9566169 or via mail at 350 Highland Drive, Lewisville, TX 75067."*

Then on May 28, 2013, National Default Servicing Corporation, sent a letter advising, *"This firm has been retained to enforce the terms of the above referenced loan by non-judicial foreclosure."* The Notice further read, *"The good faith estimate of the debt owed is $285,089.09*

1 / 6

*plus those charges that continue to accrue until the loan is paid, such as interest, late charges, advances, expenses and attorney's/trustee's fees."*

Then on I received an undated demand from Nationstar Mortgage requesting $91,913.74 due on June 1, 2013 which would incur additional charges if not paid by June 17, 2013.

The warnings and others by different parties and various forms of threats and notices of the ultimate notice or Default, Foreclosure, and Sale (the **"Notice"**) and all other references to such in the public record if any have created confusion as to the status of the parties now and then.

I do not know if you have or had the legal rights alleged in the **Notice.**

Since you are attempting to foreclose on me, I need to determine whether the **Notice** had any legal validity. I believe you are working in concert with others to wrongfully foreclose on my home.

Please, therefore, provide within **Fourteen (14)** calendar days from the date of receipt of this letter the below requested information and any additional information or documents you think establishes your right to make the demands or to carry out the threats of the **Notice.**

**Your compliance with this request will not require much time or effort if, in fact, you have or had such rights and you verified the same before sending the Notice to me.**

**Respond fully to the sections below that apply to you.** For clarification, let me know which parts you believe do not apply to you. Failure to eliminate any particular level of involvement will be deemed as your admission that you are claiming responsibility for such regarding the mortgage loan.

If you have a document that is responsive to this request, please provide a copy of the entire document, including exhibits.

2 / 6

A summary, abstract, or comment about a document is not acceptable, and will not be treated as genuine evidence supporting whatever position you claim regarding the mortgage loan and Home.

Silence, or an incomplete response will be deemed as your admission that the **Notice** was improperly issued and that your office has, or had, no right to enforce the mortgage loan pursuant to the Nevada Statutes, Title 8, Commercial Instruments and Transactions, Chapter 104, Uniform Commercial Code Original Articles, NRS § 104.1101 et seq. and, therefore, have no right to foreclose on my Home.

1.    **If you claim to be a trustee or agent appointed to conduct a foreclosure of my Home:**

    a.    Please specify your appointed role as an agent, trustee, or function in some other appointed role.

    b.    Please provide the name, address, and phone number of the company and the person(s) at that company who instructed you to commence this foreclosure process. I deem your receipt of this letter to be receipt by your customer, also, and I require responses by you and your customer accordingly.

    c.    Please describe the portion or text of any document I executed regarding the mortgage loan that authorizes you to perform the foreclosure services you have agreed to perform regarding my Home.

    d.    If you claim you received only a verbal instruction to initiate this foreclosure process, please identity the date of that instruction and the name, address, employer, and phone number of the person who gave that instruction to you.

    e.    Please explain everything you did to assure yourself that the company or person who instructed you to initiate the foreclosure process was, in fact, authorized to do so by law. Further, please provide a copy of each document, digital or hardcopy, you reviewed when making that assessment.

    f.    Please provide a copy of the contract or agreement, and each of them if more than one, by which you were engaged to act as trustee regarding the foreclosure of my Home.

    g.    Please provide a copy of all communications, whether email, fax, letter, or otherwise, that you have received or sent regarding my Home.

h.   If you have an office manual or policy statement about how and when you engage in and prosecute foreclosures, please provide a copy.

i.   Your failure to provide the requested information will be deemed your admission that you have engaged in this foreclosure process without authority and in violation of the terms of the mortgage loan documents and the laws of the state in which the Home is located.

2.   **If you are the attorney representing a company that is involved with the demands and foreclosure related threats of the Notice.**

Identify your client or clients with name, address, phone number, and a description of client's relationship to the mortgage loan and Home. Further, identify your contact person for each such identified client, including his or her name, address, employer, and phone number. I deem your receipt of this letter to be receipt by your client and I require responses by you and your client(s) accordingly.

3.   **If you claim that you are <u>entitled to enforce</u> the mortgage loan according to the Uniform Commercial Code as adopted by Nevada, and not in the capacity as a servant for whomever might be that person.** Then explain and identify the circumstances by which you obtained that right and when. In addition, please provide the explanations and documents requested below:

a.   If you claim to have physical possession of the Note I executed, please let me know when you will make the Note available for inspection and copying. The place you select must be close to my Home, unless we all agree otherwise.

b.   Please provide a complete accounting of the amount alleged due under the Note from its inception to the current time, including every credit and debit. Please account for each and any insurance proceeds, claim settlement, or warranty payments made regarding the note and my Home. If you maintain that no insurance, claim settlement, or warranty payments have been sought or received that involve, directly or indirectly, the mortgage loan and Home, please state so in an affidavit under oath executed by one of your officers who is also your employee.

c.     Please provide a complete history of each transfer of the physical Note and each sale, transfer, exchange or assignment of the mortgage loan, in full or part, from its creation to the current time, including but not limited to the name, address, and phone number of each transferor and each transferee in that chain. Further, for each transfer or transaction please provide, in addition to any resulting assignment or conveyance instrument, the contract(s) or agreement(s) involved with the respective transfer or transaction, as made by the parties to each respective transfer or transaction. Also, please identify the source or sources of your information regarding that chain of activity regarding the mortgage loan.

d.     Please provide a copy of each email, fax, letter, or other communication you sent to or received from any person or company regarding the mortgage loan since its inception.

4.   **If you work for a company that claims the right to enforce the mortgage loan pursuant to the Uniform Commercial Code as adopted by Nevada.** Then identify that company with its name, address, and phone number, and identify the person or persons at that company to whom you report.

a.     If you are an agent or servant, I deem that your receipt of this letter constitutes receipt by the company for which you are working, and we require that company to respond as if it received this letter directly rather than through you.

b.     Please provide the contract, agreement, or document by which you were engaged to provide services for that company regarding my Home.  If more than one contract or agreement is involved, please provide complete copies of each.

c.     Please admit that you hold no economic interest in the mortgage loan or Home.  If you maintain otherwise, please explain and provide each and all documents that you assert create an economic interest in the mortgage loan or Home.

d.     Please have the company you claim hired you regarding my Home to provide by the hand of one of its employees, directly to me, its affirmation of your engagement and authority to represent it respecting my Home and the Notice, and all of its documents regarding the mortgage loan.

e.     Please provide a copy of the document or documents by which that company declared a default under the mortgage loan and instructed you or some other

person to commence collection actions regarding same. If you claim that instruction was verbal, please identify the person who gave it to you and include the date of that instruction and that person's name, address, employer, and phone number.

You are welcome to answer that you have no such information with which to reply to any particular request. If you need more time to provide the requested information and documents, I would be amenable to an extension of the time subject to a reciprocal extension, day-for-day, of each deadline stated in the **Notice**(s).

Further, during such additional time, if granted per this paragraph, your delay in providing the required answers and documentation will be nevertheless deemed your admission, pending proof to the contrary, that the **Notice** was issued by mistake and that neither you nor the company you claim to represent, if applicable, actually has, or had, the right by law to make the demands and threats included in the **Notice**.

I am requiring you meet the requirements of the **Uniform Commercial Code** as adopted and delineated in the Nevada Statutes, Title 8, Commercial Instruments and Transactions, Chapter 104, Uniform Commercial Code Original Articles, NRS § 104.1101 et seq. to show me that you are entitled to enforce the note and the mortgage which is ancillary to the note.

## PLEASE MAKE SURE **YOUR** RESPONSES REFERENCE THE PARTICULAR SECTIONS (1, 2, 3, or 4) and the sub sections addressed (a, b . . .), and **reference letter 2013-06-19-B.**

I expect a response from YOUR office addressing YOUR relationship to me as it relates to the Mortgage Loan.

Sincerely,

Jacqueline Manzano

6 / 6



U.S. Postal Service
**CERTIFIED MAIL** RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

LEWISVILLE TX 75067

| | | |
|---|---|---|
| Postage | $ $0.66 | 0012 |
| Certified Fee | $3.10 | 05 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | JUN 19 2013 |
| Total Postage & Fees | $ $3.76 | 06/19/2013 |

Sent To
Nationstar Mortgage
350 Highland Drive
Lewisville, Texas 75067

7010 2780 0000 7087 4651

English          Customer Service          USPS Mobile                    Register / Sign In

**≡USPS.COM**

# USPS Tracking™

✉ **Customer Service ›**
Have questions? We're here to help.

**Tracking Number:** 70102780000370874851

**Expected Delivery Day: Saturday, June 22, 2013**

## Product & Tracking Information

### Available Actions

**Postal Product:**          **Features:**
First-Class Mail®           Certified Mail™          Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| June 21, 2013 , 10:52 am | Delivered | LEWISVILLE, TX 75067 |

Your item was delivered at 10:52 am on June 21, 2013 in LEWISVILLE, TX 75067.

| | | |
|---|---|---|
| June 21, 2013 , 8:01 am | Arrived at Unit | LEWISVILLE, TX 75067 |
| June 21, 2013 , 4:43 am | Departed USPS Facility | COPPELL, TX 75099 |
| June 21, 2013 , 12:02 am | Arrived at USPS Facility | COPPELL, TX 75099 |
| June 20, 2013 , 2:23 am | Departed USPS Facility | LAS VEGAS, NV 89199 |
| June 19, 2013 , 8:26 pm | Arrived at USPS Origin Facility | LAS VEGAS, NV 89199 |
| June 19, 2013 , 4:17 pm | Departed Post Office | LAS VEGAS, NV 89104 |
| June 19, 2013 , 9:13 am | Acceptance | LAS VEGAS, NV 89104 |

## Track Another Package

Tracking (or receipt) number

[                              ]          Track It

HELPFUL LINKS          ON ABOUT.USPS.COM          OTHER USPS SITES          LEGAL INFORMATION
Contact Us             About USPS Home            Business Customer Gateway   Privacy Policy
Site Index             Newsroom                   Postal Inspectors           Terms of Use
FAQs                   USPS Service Updates        Inspector General           FOIA
                       Forms & Publications        Postal Explorer             No FEAR Act EEO Data
                       Government Services         National Postal Museum
                       Careers                     Resources for Developers

Copyright © 2015 USPS. All Rights Reserved.

Certified Mail: 7010 2780 0003 7087 9168                    2014-12-16-C2

**JACQUELINE MANZANO**
1951 Corvette Street
Las Vegas, NV 89142
**December, 16, 2014**

Nationstar Mortgage LLC
P.O. Box 650783
Dallas, TX 75265-0783

RE:  Nationstar Reference  NSM-06-14-62556
      Mortgagor            Jacqueline Manzano
      Property Address     1951 Corvette St, Las Vegas, NV 89142
      Loan Number          0607760535
      NDSC Number          13-00663-NS-NV

Dear Madam or Sir:

> **You and others are attempting to deprive me of my property or 'collect' a debt which you have failed or refused to show is 'enforceable' or valid.**

On June 19, 2013 and October 1, 2014 I sent several letters to Nationstar and NDSC. These letters sought proof to substantiate NDSC's status as holder of my Note.

On October 1, 2014 I also sent a letter to you in which eight other persons or entities received identical copies. To date no one has responded meaningfully to any of my letters.

When it comes to proving your authority to enforce, the origination and status of the loan are irrelevant. Copies of miscellaneous documents and sundry accounting records do not begin to address my questions directed towards you or others. The records a Servicer has access to, which you provided do not show you, or your client, has or had the authority to declare a default, or act as, or on behalf of, an alleged holder of the Note.

A naked assignment does not show that the Assignor held and retained all rights in the Note undiminished before assigning any residual rights to the Assignee, or that the Assigner even had the right to make said assignment.

Page | 1

Certified Mail: 7010 2780 0003 7087 9168                    2014-12-16-C2

I am the Maker of said Note and the fact that I signed my Note is a given. You have not provided sufficient facts related to the evolution of my Note to show someone other than the original lender has the right to declare a default or enforce.

The origination of the Note in a name other than yours fails to show that you are entitled to enforce without substantiation. I know I am a party, but who are you? When and how did you get the alleged intrinsic rights in my Note?

You may hold my Note, but you have not addressed my fear that you are a wrongful holder.

The fact that the Lender could transfer/sell/assign the Note is why I am asking the new Note Holder to show/prove that all rights in the Note were transferred to and held by the Note Holder when a default was declared and an enforcement action was begun.

If NDSC or Nationstar holds the Note, they should be able to easily fulfill my request and the proceeding paragraphs would be moot.

The fact that Nationstar or NDSC have not, will not - and most likely cannot respond to my inquiries demonstrates that no one seeking to enforce the Note is a valid and rightful holder with all rights undiminished.

I made multiple inquiries to determine if NDSC or Nationstar was the rightful holder of my Note within the spirit and under the requirements of Nevada Statutes, Title 8, Commercial Instruments and Transactions, Chapter 104, Uniform Commercial Code Original Articles, NRS § 104.1101 et seq. (UCC).

Although there are no formalities under the UCC regarding a request for proof that the Person demanding payments is entitled to enforce the Note, either for itself or for a different person - once the request is made, an inadequate response is enough to properly refuse to comply with those demands under 673.3051.

1.    Take the time to respond meaningfully to the letter I sent to you.

2.    Index any materials proffered to substantiate the Holder's claim.

---

**It is my contention that if no person or entity wants to show it is a valid Holder which is entitled to enforce - certain rights have been abandoned to the Borrower.**

---

Page | 2

Certified Mail: 7010 2780 0003 7087 9168                         2014-12-16-C2

Respectfully,

Jacqueline Manzano

PS1    Nothing under the UCC, FDCPA, FCRA, TILA, RESPA, or Regulation X precludes a
       qualified written request or an inquiry into to the status of a Note holder from being sent
       during litigation or while a borrower's bankruptcy is pending, even if the information
       sought might be obtained under applicable discovery rules.

PS2    If you need copies of the letters I sent to you, please let me know.

Page | 3

English        Customer Service        USPS Mobile                        Register / Sign In

**≋USPS.COM**

# USPS Tracking™

✉ **Customer Service ›**
Have questions? We're here to help.

Tracking Number: 70102780000370879168

**On Time**
Expected Delivery Day: Friday, December 19, 2014

## Product & Tracking Information

**Available Actions**

| Postal Product: | Features: |
| First-Class Mail™ | Certified Mail™ |

Text Updates

Email Updates

Return Receipt After Mailing

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| December 19, 2014 , 9:48 am | Delivered | DALLAS, TX 75260 |

Your item was delivered at 9:48 am on December 19, 2014 in DALLAS, TX 75260.

| December 19, 2014 , 7:02 am | Sorting Complete | DALLAS, TX 75260 |
| December 19, 2014 , 5:20 am | Available for Pickup | DALLAS, TX 75265 |
| December 19, 2014 , 4:45 am | Arrived at Unit | DALLAS, TX 75260 |
| December 18, 2014 , 8:26 pm | Arrived at USPS Facility | DALLAS, TX 75260 |
| December 17, 2014 , 3:56 am | Departed USPS Facility | LAS VEGAS, NV 89199 |
| December 16, 2014 , 8:53 pm | Arrived at USPS Origin Facility | LAS VEGAS, NV 89199 |
| December 16, 2014 , 11:02 am | Acceptance | LAS VEGAS, NV 89104 |

## Track Another Package

Tracking (or receipt) number

[                    ]        Track It

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

( NDSC )

EXHIBIT D



**National Default Servicing Corporation**
7720 N. 16th Street, Suite 300
Phoenix, Arizona 85020

Phone (602) 264-6101
Fax (602) 264-6209

Date: August 12, 2014

JACQUELINE MANZANO
1951 CORVETTE ST
LAS VEGAS, NV 89142

<u>NOTIFICATION PURSUANT TO NEVADA REVISED STATUTES § 107.080(2)(c)(3)</u>

**NOTICE: THIS MAY BE CONSIDERED AS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE**

**HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.**

Loan Number 0607760535
Borrower(s): JACQUELINE MANZANO
Property Address: 1951 Corvette St, Las Vegas, NV 89142
Servicer: Nationstar Mortgage LLC
NDSC File No.: 13-00663-NS-NV

Dear Borrower(s):

We are writing to let you know that your mortgage loan payment is past due, and your property has been referred to foreclosure.
You may be able to avoid foreclosure by paying the total amount necessary to bring the account current or by other foreclosure prevention alternatives that may be available to you. You can obtain additional information through the website or by contacting a representative at Nationstar Mortgage at the toll free number below.

Website:   www.nationstarmtg.com
Toll Free Number:  888-480-2432

Pursuant to NRS 107.080(2)(c)(3), we are notifying you of the following:

1.   The total amount needed to reinstate your mortgage loan and avoid foreclosure proceedings is $115,423.30.

2.   The amount in Default is $112,022.00.

3.  The current unpaid amount of the principal obligation under the Deed of Trust is $213,780.64.

4.  The amount of accrued interest is $89,947.22.

5.  The amount of accrued late charges is $ 74.59.

6.  The estimate of fees imposed in connection with the power of sale is $330.00.

**Please note: The amounts listed above are as of the date of this letter and are subject to change.**

In order to obtain the most current amounts due on this account you may contact Nationstar Mortgage at our toll free number: 888-480-2432.

Sincerely,

National Default Servicing Corporation
Trustee

*If you or your spouse is a member of the military, please contact 1-888-480-2432 immediately. The federal Servicemembers Civil Relief Act and comparable state laws afford significant protections and benefits to eligible military service personnel, including protections from foreclosure as well as interest rate relief.*



National Access Software Corp.
7720 North 16th Street
Suite 300
Phoenix, Arizona 85020

GRK-1MP

89142

USPS Certified Mail # 7010 2780 0003 7087 9182

August 30, 2014

Jacqueline manzano
1951 Corvette Street
Las Vegas, Nevada  89142


NATIONAL DEFAULT SERVICING CORPORATION
7720 N. 16th Street, Suite 300
Phoenix, Arizona  85020

**RE:** Unknown Debt Collector

## NOTICE OF DISPUTE

Dear Sir/Madam,

I am in receipt of your communication dated, August 12, 2014. In regard to the above entitled matter, I dispute the alleged debt in its entirety.

Pursuant to 15 USC 1692g(b), give notice that:

1. The debt, or a portion thereof, is disputed.
2. The consumer requests verification of the debt.
3. The consumer requests the name and address of the original creditor.
4. The consumer requests validation of the debt, to wit, the chain of title to the alleged debt and a history of charges and payments thereon.

Thank you for your attention and cooperation.

With Respect,
Jacqueline Manzano

8-30-2014

7010 2780 0003 7087 9182


NOTICE OF DISPUTE VERIFICATION AND VALIDATION REQUEST





## National Default Servicing Corporation
7720 N. 16th Street, Suite 300
Phoenix, Arizona 85020
Phone (602) 264-6101
Fax (602) 264-6209

September 22, 2014

JACQUELINE V MANZANO
1951 CORVETTE ST
L.V., NV 89142

RE:  Loan No.          :    0607760535
     Our File No.      :    13-00663-NS-NV
     Prop. Address     :    1951 Corvette St
                            Las Vegas, NV  89142

This firm has been retained to conduct a non-judicial foreclosure sale (trustee's sale) pursuant to the Deed of Trust associated with the above referenced loan.

1.  The amount of the debt is $312,715.44 plus those charges that continue to accrue until the loan is paid, such as interest, late charges, advances, expenses and attorney's/trustee's fees. This is a good faith estimate based on information received from the loan servicer. If you require a statement of all these amounts computed through a specified date, you may request such statement through this office.

    The arrearage amount is the sum of payments that have come due on and after the date of default January 1, 2009, plus late charges, periodic adjustments to the payment amount, expenses and attorney's/trustee's fees that have been or will be further described in the Statement of Breach or Non-Performance attached to the Notice of Trustee's Sale.

2.  The creditor (current beneficiary) to whom the debt is owed is : Nationstar Mortgage LLC

    The loan servicer is:    Nationstar Mortgage LLC

3.  This firm will assume the debt to be valid unless you, within thirty days after receipt of this notice, dispute the validity of the debt or a portion thereof. If you notify this firm in writing within the thirty day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and a copy of such verification will be mailed to you. Also, upon your written request within the thirty day period, this firm will provide you with the name and address of the original creditor, if it is different from the current creditor.

This firm is not a Debt Collector as that term is defined pursuant to the Fair Debt Collection Practices Act within this jurisdiction (see *Mansour vs. Cal-Western Reconveyance Corp.*, 618 F.Supp.2d 1178 (D. Ariz. 2009). Should a subsequent determination be made that this firm is a Debt Collector as that term is defined within the Act, then you are notified that any information obtained will be used for the purpose of collecting a debt. Please be advised that if your personal liability for this debt has been modified or extinguished by a discharge in bankruptcy, this communication is provided solely in reference to the foreclosure on the deed of trust remaining on your property and is not an attempt to collect the discharged personal obligation. The notifications provided herein do not limit or detract from the effect of foreclosure upon the subject property.

National Default Servicing Corporation
(602)-264-6101

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

( Assignments )

**EXHIBIT E**

Inst #: 201306120000395
Fees: $18.00
N/C Fee: $0.00
06/12/2013 09:00:11 AM
Receipt #: 1651532
Requestor:
CORELOGIC
Recorded By: DXI  Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

Recording Requested By:
Bank of America, N.A.
Prepared By: Julia Cortez



When recorded mail to:
~~Nationstar Mortgage, LLC~~ Core Logic
~~350 Highland Drive~~ 450 E Boundary
~~Attention: Mount~~ Chapin SC 29036
~~Lewisville, TX 75067~~

DocID# 20918166688539967
Tax ID:   16104316004
Property Address:
1951 Corvette St
Las Vegas, NV 89142-1707
NV6-ADT 3857560  4/2/2013  85153256

This space for Recorder's use

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **NATIONSTAR MORTGAGE, LLC** whose address is **350 HIGHLAND DRIVE, LEWISVILLE, TX 75067** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:       **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"), AS NOMINEE FOR COUNTRYWIDE BANK, FSB.**

Made By:           **JACQUELINE MANZANO, AN UNMARRIED WOMAN**

Trustee:            **RECON TRUST COMPANY, N.A.**

Date of Deed of Trust: **10/25/2007**       Original Loan Amount:  **$216,000.00**

Recorded in Clark County, NV on: 11/14/2007, book N/A, page N/A and instrument number 20071114-0003788

I the undersigned hereby affirm that this document submitted for recording does not contain the social security number of any person or persons.

*IN WITNESS WHEREOF*, the undersigned has caused this Assignment of Deed of Trust to be executed on
**APR 02 2013**

COUNTRYWIDE HOME LOANS, INC.

By: _____
     Mirna Tober
     Assistant Vice President

State of California
County of Los Angeles

On  APR 0 2 2013  before me, _____ Lara Vartanian _____, Notary Public, personally appeared
_____ Mima Tobar _____

, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity
(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_Lara Vartanian_

Notary Public: _____ Lara Vartanian _____
My Commission Expires: _____ Oct. 3, 2014 _____

(Seal)

LARA VARTANIAN
Commission # 1906725
Notary Public - California
Los Angeles County
My Comm. Expires Oct 3, 2014

DocID# *    20918166688539967

Inst #: 20140729-0000696
Fees: $18.00
N/C Fee: $0.00
07/29/2014 09:46:21 AM
Receipt #: 2102933
Requestor:
PREMIER AMERICAN TITLE
Recorded By: VELAJL   Pgs: 2
**DEBBIE CONWAY**
**CLARK COUNTY RECORDER**

Assessor's/Tax ID No. 161-04-316-004

Recording Requested By:
Nationstar Mortgage

When Recorded Return To:
DOCUMENT ADMINISTRATION
Nationstar Mortgage
2617 COLLEGE PARK
SCOTTSBLUFF, NE 69361
67301326

**CORRECTIVE**
**CORPORATE ASSIGNMENT OF DEED OF TRUST**

Clark, Nevada
SELLER'S SERVICING #:0607760535 "MANZANO"

THE UNDERSIGNED DOES HEREBY AFFIRM THAT THIS DOCUMENT SUBMITTED
FOR RECORDING DOES NOT CONTAIN PERSONAL INFORMATION ABOUT ANY
PERSON.

Date of Assignment: July 17th, 2014
Assignor: BANK OF AMERICA N.A. SBM TO BAC HOME LOANS SERVICING LP BY
NATIONSTAR MORTGAGE LLC ITS ATTORNEY-IN-FACT at 350 HIGHLAND DRIVE,
LEWISVILLE, TX 75067
Assignee: NATIONSTAR MORTGAGE LLC at 350 HIGHLAND DRIVE, LEWISVILLE, TX
75067

Executed By: JACQUELINE MANZANO, AN UNMARRIED WOMAN To: COUNTRYWIDE
BANK, FSB.
Date of Deed of Trust: 10/25/2007 Recorded: 11/14/2007 in Book: 20071114 as Instrument No.:
0003788 In the County of Clark, State of Nevada.

Assessor's/Tax ID No. 161-04-316-004

Property Address: 1951 CORVETTE ST, LAS VEGAS, NV 89142

Legal: NA

**CORRECTIVE: THIS ASSIGNMENT IS BEING RECORDED TO CORRECT THE
ASSIGNOR NAME OF THE ASSIGNMENT RECORDED ON 06/12/2013 AS INSTRUMENT
NO. 20130612000000395.**

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the
receipt and sufficiency of which is hereby acknowledged, the said Assignor hereby assigns unto
the above-named Assignee, the said Deed of Trust having an original principal sum of
*RC1*RC1NATN*07/17/2014 06:48:03 AM* NATTC01NATNA00000000000000569259*
NVCLARK* 0607760535 NVCLARK_TRUST_ASSIGN_ASSN * *MMNATN*

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

$216,000.00 with interest, secured thereby, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said Assignor hereby grants and conveys unto the said Assignee, the Assignor's interest under the Deed of Trust.

TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said Assignee forever, subject to the terms contained in said Deed of Trust. IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

BANK OF AMERICA N.A. SBM TO BAC HOME LOANS SERVICING LP BY NATIONSTAR MORTGAGE LLC ITS ATTORNEY-IN-FACT
On 7-18-2014

By: _____
     Nilva Miller
Assistant Secretary

STATE OF Nebraska
COUNTY OF Scotts Bluff

On 7-18-14 , before me,                    Paul A Curtis
a Notary Public in and for Scotts Bluff in the State of Nebraska, personally appeared
Nilva Miller , Assistant Secretary, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

Paul A Curtis

Notary Expires: 7/24/2017

GENERAL NOTARY - State of Nebraska
PAUL A CURTIS
My Comm. Exp. July 24, 2017

(This area for notarial seal)

Mail Tax Statements To: JACQUELINE MANZANO, 1951 CORVETTE ST, LAS VEGAS, NV 89142

*RC1*RC1NATN*07/17/2014 06:48:03 AM* NATTC1NATNA00000000000000000569259*
NVCLARK* 0607760536 NVCLARK_TRUST_ASSIGN_ASSN * *MMNATN*